**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: _____

RTP ROOFING CO.,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff RTP Roofing Co. ("Plaintiff"), through its attorneys, Daly & Black, P.C. and Gray LLC, respectfully submits the following Complaint and Jury Demand:

### INTRODUCTION

1. State Farm Fire and Casualty Company ("State Farm" or "Defendant") insures thousands of homes in Colorado.

2. Indeed, State Farm holds the largest market share for homeowner's insurance policies in Colorado, with nearly twice as many policies as the next insurance company.

3. Unfortunately, State Farm has consistently and wrongly denied full payment when processing each and every insurance claim for hail loss on the multitude of properties it insures.

4. Colorado is part of "hail alley." As a state it ranks second only to Texas for the total number of hail loss claims filed with insurers.

5. As a result of the frequency with which hail hits Colorado cities, Colorado property owners pay higher insurance policy premiums than in other states.

6. When damaging hail and windstorms strike, roofing contractors are engaged by insureds (the homeowners) to complete roofing work to address the hail and wind damage.

7. In most instances, roofing contractors work directly with the property owner's insurance company, like State Farm, once a homeowner makes a claim related to roof damage.

8. In processing a claim for roof damage, the insurer determines the scope of work that is covered by the property owner's policy, and the amount the insurance company is to pay the contractor for the roofing work to be performed.

9. During this processing of the claim for roof damage, State Farm intentionally denies payments for benefits that are covered under the building owners' policies.

10. Without any reasonable basis, State Farm uniformly denies payment for labor for removing roofing material.

11. The roofing contractors who perform the roofing work are the ones to suffer the economic damage of the unreasonable denial, since the homeowners are only asked to contribute their deductible towards the cost of roofing work.

12. As part of the roofing work performed following a damaging storm, experienced and skilled roofing contractors must remove and replace damaged roofing materials.

13. Roofing contractors hire skilled workers who navigate dangerous work areas 30 or more feet off the ground. As a result, roofing workers suffer catastrophic injuries at a significantly higher rate than other construction workers.

14. Roofers also must learn and apply precise and careful skills specific to working with roofing material.

15. As part of the delicate and precise process of roofing work, roofing workers carefully traverse a roof 30-plus feet off the ground, using harnesses and cables, avoiding damaging the unaffected portions of the roof, and knowing how to work with a variety of roofing materials.

16. Contractors pay roofers higher wages compared to typical construction or demolition work

17. Contractors pay roofers those higher wages regardless of whether they are removing roofing material or installing it, since removal requires the exact same skill as installing it.

18. Contractors must also pay higher workers compensation premiums for roofing labor.

19. However, State Farm does not pay roofing contractors for skilled roofing labor when the labor is designated as <u>removal</u>.

20. Instead, State Farm pays a significantly lower labor rate that is applicable to general demolition, like knocking walls down.

21. Yet State Farm pays a higher roofing labor rate for roofing material <u>installation</u>.

22. The same roofing workers, requiring the same skills and the same risk, perform both removal and installation of roofing material. The contractors pay those workers the same higher wages (and pay for the same increased workers compensation premiums) for both removal and installation.

23. There is no reasonable basis for denying roofing contractors payment for the labor required to remove roofing material.

24. This unreasonable denial is actionable under Colorado's bad faith law.

## COLORADO BAD FAITH LAW

25. Under Colorado law, C.R.S. 10-3-1115 and 1116, a plaintiff in a first-party insurance case claiming that the insurance company unreasonably delayed or denied payment of benefits can recover double damages, costs and attorney fees.

26. Specifically, the bad faith statute provides that "[a] person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant." C.R.S.10-3-1115(1)(a).

27. Under C.R.S. §10-3-1115 and Colorado case law, the party with standing needs neither a contractual relationship with the insurance company nor an assignment of claims to bring a statutory bad faith claim as a "first-party claimant."

28. Accordingly, claims for statutory bad faith may be brought by an insured's contractor.

## JURISDICTION AND VENUE

29. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d), because (i) at least one member of the class is a citizen of a state different from Defendant, (ii) the amount in controversy exceeds $5,000,000, exclusive of costs and interests, and (iii) none of the exceptions under that section applies to this action.

30. Colorado typically sees over 150,000 homeowner hail loss claims every year.

31. State Farm benefits from a significant 19.5% market share of homeowners insurance policies in Colorado.

32. An average residential roof size in Colorado is approximately 2,100 square feet (or 21 100-square foot "squares").

33. The labor rate State Farm pays for removal of roofing material is approximately (and in some cases more than) $75 per square less than the skilled roofing labor rate that is paid for installation.

34. Assuming even just a quarter of the over 250,000 residential roofs require complete replacement when they sustain hail damage, Plaintiff and the class may recover damages of <u>over $38 million</u> based on State Farm's failure to pay for roofing material removal labor in a two-year class period.

35. Venue is proper in this District under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred here, and under 18 U.S.C. §1965(a) because Defendant transacts business or is otherwise found in this district.

## PARTIES

36. Plaintiff RTP Roofing is a Colorado corporation with a principal office street address of 4011 S Federal Boulevard, Sheridan, Colorado 80110.

37. Plaintiff is a citizen of Colorado.

38. Defendant State Farm is a Illinois corporation with its principal office at One State Farm Plaza, Bloomington, Illinois 61710.

39. State Farm is not a citizen of Colorado.

## FACTUAL ALLEGATIONS

40. For more than the last two years, Plaintiff has done roofing work stemming from claims for hail damage on properties covered by State Farm insurance policies.

41. State Farm unreasonably denied payment for roofing labor for removal of roofing materials, instead paying the lower demolition labor rate.

42. State Farm uses a construction estimating software called Xactimate, the leading estimating software for construction, including roofing work.

43. The Xactimate program contains default labor rates for different categories of work.

44. When roofing material <u>replacement</u> or <u>installation</u> is selected as the category of work, Xactimate defaults to the skilled roofing labor.

45. However, when the category of work is selected as roofing material <u>removal</u>, Xactimate defaults to the significantly lower general demolition labor rate.

46. A lower demolition rate is the default rate for roofing material removal labor when State Farm uses its Xactimate software to process an estimate for a claim, even though the same workers who perform the installation also perform the removal, using the same specialized roofing skills, facing the same dangers, and being paid the same elevated wages.

47. Below is a screenshot of the Xactimate program's default labor rates, showing that demolition labor (DMO) is used for removal, but skilled roofing labor (RFG) is used for replacement (i.e. removal and installation) of roofing material:



48. In each and every roofing claim for storm damage, State Farm unreasonably uses the default demolition rate for roofing material removal in its estimates, unreasonably denying contractors payment for the difference between the skilled roofing labor rate and the general demolition labor rate.

49. There is no reasonable basis for denying payment for skilled roofing labor.

50. For example, Plaintiff performed roofing work for hail loss for a property in Parker, Colorado with a date of loss of September 12, 2019 ("Parker Claim").

51. State Farm provided its estimate of covered work for the Parker Claim, dated October 6, 2019.

52. State Farm's estimate included the following line item for roofing material removal:

```
                                                            Avg.        60.00%
2. Tear off, haul and dispose of comp. shingles - Laminated
        26.64   26.64 SQ      56.85         0.00    1,514.48              1,514.48
```

53. For 26.64 SQ (or "squares"), State Farm agreed to pay a total $1,514.48, with a demolition labor rate of $56.85 per square.

54. The skilled roofing labor rate for removing roofing material would have been $166.81 per square in Parker on the date of the estimate.

55. Accordingly, the total payment to Plaintiff for removal of 26.64 squares of roofing material, which State Farm admitted was a covered benefit, should have been $4,443.82.

56. Therefore, **Plaintiff was denied a total of $2,929.34** for the Parker Claim.

57. Similarly, Plaintiff performed roofing work for hail loss for a property in Highlands Ranch, Colorado with a date of loss of July 4, 2019 ("Highlands Ranch Claim").

58. State Farm provided its estimate of covered work for the Highlands Ranch Claim on August 7, 2019.

59. State Farm's estimate contained the following line item for roofing material removal:

```
1. Tear off, haul and dispose of comp. shingles - Laminated
              31.12 SQ       52.20          0.00    1,624.46              1,624.46
```

7

60. For 31.12 squares, State Farm agreed to pay a total $1,624.46, with a demolition labor rate of $52.20 per square.

61. The skilled roofing rate for removing roofing material would have been $166.81 per square in Highlands Ranch on the date of the estimate.

62. Accordingly, the total payment to Plaintiff for removal of 31.12 squares of roofing material, which State Farm admitted was a covered benefit, should have been $5,191.13.

63. Therefore, **Plaintiff was denied a total of $3,566.67** for the Highlands Ranch Claim.

64. Similarly, Plaintiff performed roofing work for hail loss for a property in Denver, Colorado with a date of loss of July 4, 2019 ("Sedalia Claim").

65. State Farm provided its estimate of covered work for the Sedalia Claim on August 1, 2019.

66. State Farm's estimate contained the following line item for roofing material removal:

Tear off, haul and dispose of comp. shingles - Laminated
7.91   21.91 SQ   52.20   3 S.04 per   0.00   1,143.70   1,143.70

67. For 21.91 squares, State Farm agreed to pay a total $1,143.70, with a demolition labor rate of $52.20 per square.

68. The skilled roofing labor rate for removing roofing material would have been $166.81 per square in Sedalia on the date of the estimate.

69. Accordingly, the total payment to Plaintiff for removal of 21.91 squares of roofing material, which State Farm admitted was a covered benefit, should have been $3,654.81

70. Therefore, **Plaintiff was denied a total of $2,511.11** for the Sedalia Claim.

## CLASS ACTION ALLEGATIONS

71. Plaintiff realleges and incorporates by reference all prior allegations of this Complaint as if fully set forth herein.

72. Plaintiff seeks certification of a Class as defined below, pursuant to Fed. R. Civ. P. 23:

> All persons or entities who performed roofing work in Colorado pursuant to a claim for covered roof damage under a State Farm insurance policy, and were denied proper roofing removal payments by State Farm in the period of July 2, 2019, to the present.

Excluded from the Class are (i) any judge(s) presiding over this action and members of their families; (ii) Defendant's subsidiaries, parents, successors, predecessors, and any entity in which State Farm or its parents have a controlling interest and their current or former employees, officers and directors; (iii) persons who properly execute and timely request exclusion from the Class; and (iv) the legal representatives, successors or assigns of any such excluded persons.

73. **Numerosity**: The exact number of Class members is unknown to Plaintiff at this time, but upon information or belief, there are hundreds of contractors who have done roofing work in Colorado pursuant to State Farm's insurance policies. Members of the Class can be identified through State Farm's records.

74. **Commonality and Predominance**: Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members.

These common questions include but are not limited to:

    i. Whether State Farm denied payment for skilled roofing labor for roofing material removal.

    ii. Whether State Farm's denial of payment for skilled roofing labor for roofing material labor was unreasonable.

    iii. Whether State Farm was unjustly enriched.

    iv. Whether Plaintiff is entitled to injunctive relief.

    v. Whether Plaintiff and the Classes are entitled to damages.

    vi. Whether Plaintiff and the Classes are entitled to any other relief.

75. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the Class sustained damages as a result of State Farm's uniform, wrongful conduct in denying payment for roofing material removal labor.

76. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interest in conflict to those of the Class and State Farm has no defenses unique to Plaintiff.

77. **Appropriateness**: The class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The damages suffered by the individual Class members will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by State Farm's wrongful conduct. Thus, it would be virtually impossible for the individual Class members to obtain effective relief from State Farm's unlawful practices. Even if Class members could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase

10

the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered, and uniformity of decisions will be ensured.

78.     **Policies Generally Applicable to the Class:** This class action is also appropriate for certification because State Farm has acted or refused to act on grounds generally applicable to the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members, and making final injunctive relief appropriate with respect to the Class as a whole. State Farm's practices challenged herein apply and affect members of the Class uniformly and Plaintiff's challenge of these practices hinges on State Farm's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

79.     Plaintiff reserves the right to revise the Class definition based on information learned through discovery.

### PLAINTIFF'S FIRST CLAIM FOR RELIEF
### VIOLATION OF C.R.S. 10-3-1115 AND 1116
### (On behalf of Plaintiff and the Class)

80.     Plaintiff realleges and incorporates by reference the foregoing allegations of this Complaint as if fully set forth herein.

81.     At all times pertinent hereto, the following Colorado statute was in effect:

**10-3-1115. Improper denial of claims – prohibited – definitions – severability.**

82.     (1) (a) A person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant.

83.     C.R.S. §10-3-1116 provides a remedy for such denial or delay of payments in

11

the form of "reasonable attorney fees, court costs, and two times the covered benefit."

84. Under C.R.S. §10-3-1115 and Colorado law interpreting this statute, "on behalf of any first-party claimant" includes claims brought by an insured's contractor.

85. State Farm unreasonably delayed or denied payment of insurance benefits by:

(1) failing to provide or delaying the payment of the reasonable, necessary, and actual funds to remove portions of damaged roof systems, where such removal is admittedly a covered benefit;

(2) engaging in additional acts and omissions that may be discovered in the course of litigation.

86. State Farm unreasonably denied and delayed payment in violation of C.R.S. §10-3-1115.

87. State Farm is subject to the provisions of C.R.S. §10-3-1116 for double damages, court costs, and attorney fees.

### PLAINTIFF'S SECOND CLAIM FOR RELIEF
### UNJUST ENRICHMENT
### (On behalf of Plaintiff and the Class)

88. Plaintiff realleges and incorporates by reference the foregoing allegations of this Complaint as if fully set forth herein.

89. State Farm received the benefit of the difference between the skilled roofing labor and demolition labor rates for roofing material removal labor.

90. State Farm's benefit was at the expense of Plaintiff and the Class.

91. It would be unjust for State Farm to retain that benefit.

### PLAINTIFF'S THIRD CLAIM FOR RELIEF
### DECLARATORY JUDGMENTAND INJUNCTIVE RELIEF
### (On behalf of Plaintiff and the Class)

92. Plaintiff realleges and incorporates by reference the foregoing allegations of

this Complaint as if fully set forth herein.

93. State Farm's failure to pay for skilled roofing labor for removal of roofing material, instead paying the lower demolition labor rate, is an unreasonable denial of a covered benefit and is a violation of C.R.S. 10-3-1115 and 1116.

94. Plaintiff seeks a declaratory judgment that State Farm's practice of denying payment to contractors for skilled roofing labor is a violation of Colorado state law, C.R.S. 10-3-1115 and 1116.

95. Plaintiff seeks a permanent injunction enjoining State Farm from continuing to engage in the unlawful practice.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray for relief against State Farm as follows:

a. Certifying this case as a class action, designating Plaintiff as Class Representative and his attorneys as Class Counsel;

b. Double damages, court costs, and reasonable attorney fees incurred in prosecuting this action pursuant to C.R.S. §10-3-1116;

c. An award of pre- and post-judgment interest;

d. Costs and expenses;

e. A declaratory judgment that State Farm's failure to pay is unlawful;

f. Equitable and injunctive relief to Plaintiff and the Class, including a permanent injunction, restitution, disgorgement, and an accounting of all revenue gained by State Farm through its unlawful conduct; and

g. Such other and further relief as this Court may deem just, equitable or proper.

**A JURY IS DEMANDED AS TO ALL ISSUES HEREIN.**

Respectfully submitted July , 2021.


s/ Richard D. Daly
*Richard D. Daly*
Daly & Black, P.C.
John Scott Black
Melissa Wray
2211 Norfolk Street, Suite 800
Houston, TX 77098
Telephone: (713) 655-1405
Email:  rdaly@dalyblack.com
         jblack@dalyblack.com
         mwray@dalyblack.com

and

/s/ William C. Gray
*William C. Gray*
Gray LLC
Nathalie E. Sar
17 N. State St., Suite 1600
Chicago, IL 60602
Tel: 312.967.3653
Email:  bgray@grayllclaw.com
         nsar@grayllclaw.com

*Attorneys for Plaintiff*

14