## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:21-cv-01816-WJM-SKC

**RTP ROOFING CO.,**

     Plaintiff,

v.

**STATE FARM FIRE AND CASAULTY COMPANY,**

     Defendant.

---

## PROPOSED SCHEDULING ORDER

---

     Plaintiff, RTP Roofing Co. ("Plaintiff" or "RTP Roofing"), and Defendant, State Farm Fire and Casualty Company ("Defendant" or "State Farm"), by their respective counsel, hereby submit this Proposed Scheduling Order, as follows:

### 1.      DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

     The Rule 16(b) Scheduling/Planning Conference will be held telephonically on **October 26, 2021, 10:00 a.m.** virtually in Courtroom C201 before Magistrate Judge S. Kato Crews. At the scheduled time, counsel shall call the Court-provided conference line at (888) 251-2909 Access Code: 5662814#. It is anticipated that the following attorneys will represent the parties:

Appearing for Plaintiff:

**Richard D. Daly**
**Melissa Deanne Wray**
Daly & Black, P.C.-Houston
2211 Norfolk Street
Suite 800
Houston, TX 77098
713-655-1405

Appearing for Defendant:

**Franklin D. Patterson**
**Hillary D. Patterson**
PATTERSON RIPPLINGER, P.C.
5613 DTC Parkway, Suite 400
Greenwood Village, Colorado  80111
fpatterson@prpclegal.com
hpatterson@prpclegal.com

Fax: 713-655-1587
Email: rdaly@dalyblack.com
Email: mwray@dalyblack.com

**William Charles Gray**
**Nathalie Sar**
Gray LLC
17 North State Street
Suite 1600
Chicago, IL 60602
312-278-7900
Email: bgray@grayllclaw.com
       nsar@grayllclaw.com

*Attorneys for Plaintiff*
*RTP Roofing Co.*

(303) 741-4539

**Joseph A. Cancila**
**Jacob L. Kahn**
RILEY SAFER HOLMES & CANCILA LLP
70 West Madison Street, Suite 2900
Chicago, Illinois  60602
jcancila@rshc-law.com
jkahn@rshc-law.com
(312) 471-8700

*Counsel for Defendant State Farm Fire and*
*Casualty Company*

## 2.    STATEMENT OF JURISDICTION

**Plaintiff:**

This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d), because (i) at least one member of the class is a citizen of a state different from Defendant, (ii) the amount in controversy exceeds $5,000,000, exclusive of costs and interests, and (iii) none of the exceptions under that section applies to this action.

Plaintiff believes that Defendant's decision to restate its motion to dismiss and to argue a motion to stay and/or bifurcate discovery is inappropriate in this proposed Scheduling Order. Plaintiff has responded herein where necessary but has not included all of its arguments that properly belong in Plaintiff's responsive pleading. Instead, Plaintiff has attempted to limit itself to scheduling issues herein.

**Defendant:**

While federal courts ordinarily have CAFA jurisdiction over class actions, there is a threshold jurisdictional question in this case. As explained in State Farm's Motion to Dismiss Plaintiff's original Complaint, this Court lacks jurisdiction over this action because Plaintiff does

not have standing to sue under Article III of the U.S. Constitution. *See* Doc. 14 at 4-6. As the party "invoking federal jurisdiction," Plaintiff "bears the burden of establishing" the elements of Article III standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S. Ct. 1540, 1547 (2016). Plaintiff cannot do so here because it has not suffered *actual*, *concrete* harm from the alleged wrongful conduct in this case. *See* Doc. 14 at 4-6. While Plaintiff has now filed a First Amended Complaint, neither the Amended Complaint nor the new allegations cure Plaintiff's lack of standing.

Plaintiff's First Amended Complaint, like Plaintiff's original Complaint, is based on a theoretical injury that is not substantiated—and, in fact, is *refuted*—by the facts of the three insurance claims that Plaintiff identifies as purported examples in the First Amended Complaint. Plaintiff's theory is that, while serving as a roofing contractor for State Farm's insureds, it was injured by State Farm's use of the default "demolition" labor rate, rather than the "skilled" labor rate, to estimate roofing-removal costs for the referenced insurance claims. Plaintiff contends that State Farm underpaid its insureds (who, thus, presumably underpaid Plaintiff) for roofing-removal costs. In fact, however, State Farm's claim records for the three claims identified as representative by Plaintiff show that (1) Plaintiff never disputed the prices State Farm estimated for the roofing-removal work; (2) Plaintiff never disputed the labor rates State Farm used to generate those prices; (3) Plaintiff's own, independent cost estimates for the roofing-removal work—including the underlying labor rates—were almost *identical* to the cost estimates prepared by State Farm; and (4) State Farm paid its insureds their full incurred costs associated with any roofing-removal work (less any deductible).

Because Plaintiff was not injured in fact from the alleged wrongful conduct set out in the First Amended Complaint, this Court lacks jurisdiction over the claims alleged therein.

### 3.     STATEMENT OF CLAIMS AND DEFENSES

**Plaintiff:**

State Farm Fire and Casualty ("State Farm") issues insurance policies throughout Colorado and accept payments in the form of insurance premiums in exchange for damages suffered by home and business owners for property damage, including losses from hail.  State Farm, using the same software system for each claim it processes, systemically underpays, denies, and/or delays payment for roofing labor. Plaintiff brings claims under Colorado's insurance bad faith statute (C.R.S. § 10-3-1115 and C.R.S. § 10-3-1116), unjust enrichment, and declaratory relief.

Plaintiff notes in response to Defendant's footnote 1 that Plaintiff's Amended Complaint was filed pursuant to Fed. R. Civ. P. 15(a)(1), which allow for an amendment as of course within 21 days of the filing of a motion pursuant to Rule 12(b)(1) or 12(b)(6). Moreover, while Defendant did confer regarding the filing of a motion to dismiss "on standing grounds," defense counsel did not indicate it would be arguing that there was no standing because there was no loss suffered; Plaintiff's amended allegations relate almost entirely to that argument.

**Defendant:**

State Farm filed a Motion to Dismiss Plaintiff's original Complaint in its entirety pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Rather than respond to State Farm's Motion, Plaintiff filed a First Amended Complaint.[1]  State Farm denies that it is liable to Plaintiff on any of the claims asserted therein.

As State Farm explained above and at length in its Motion to Dismiss (Doc. 14), Plaintiff

---

[1] Pursuant to Judge Martinez's Practice Standards and D.C.COLO.LCivR 7.1(a), counsel for State Farm spoke by phone with all of Plaintiff's counsel on September 17, 2021, to explain the bases for its anticipated Motion to Dismiss. Plaintiff therefore had an opportunity to determine whether to amend *before* State Farm filed its Motion to Dismiss. Instead, Plaintiff informed State Farm that it would oppose the Motion and then waited until the deadline for its response to the Motion before filing the First Amended Complaint. *See* Doc. 14 at 1.  Plaintiff's tactics have prejudiced State Farm by requiring the briefing to start anew on State Farm's dismissal motion.

lacks standing under Article III of the U.S. Constitution.  Specifically, Plaintiff did not suffer *actual*, *concrete* harm from the alleged wrongful conduct that it alleged in the original Complaint.  Nor do the allegations in Plaintiff's First Amended Complaint cure that deficiency.  Plaintiff's First Amended Complaint, therefore, should be dismissed in its entirety pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

In addition, Plaintiff's First Amended Complaint (like the original Complaint) also fails to allege a plausible claim for relief and, as a result, should be dismissed pursuant to Rule 12(b)(6).  As to the statutory bad-faith claim, Plaintiff has now failed for a second time to allege facts suggesting that it is a "first-party claimant" or that State Farm unreasonably delayed or denied benefits under COLO. REV. STAT. §§ 10-3-1115-1116.  Specifically, (i) there are no facts suggesting that Plaintiff is acting as a binding representative for any State Farm insured; (ii) the allegations demonstrate that State Farm *paid* benefits rather than denying or delaying them; and (iii) the allegations further show that State Farm acted in accordance with industry practice when it estimated roofing-removal work using the default labor rates within the industry-leading software for repair estimating (i.e., Xactimate).

As to Plaintiff's claim for declaratory and injunctive relief, the request for declaratory judgment is deficient because it is duplicative of the relief sought through the statutory claim, and the request for injunctive relief is deficient because Plaintiff has failed to allege a threat of future injury.  Finally, as to Plaintiff's claim for unjust enrichment, the claim is deficient because (i) it does not allege that Plaintiff "conferred" any benefit on State Farm; and (ii) the subject matter of the claim—State Farm's alleged underpayment of insurance benefits—is governed by an express contract.  Therefore, the First Amended Complaint should be dismissed in its entirety under Rule 12(b)(6).

In addition, State Farm denies that Plaintiff could satisfy the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

**Other Parties:**

There are no parties to this action other than Plaintiff and Defendant.

### 4.    UNDISPUTED FACTS

The following facts are undisputed:

1.    Plaintiff is a Colorado corporation with its principal place of business located at 4011 S. Federal Boulevard, Sheridan, CO 80110.

2.    State Farm is an Illinois mutual insurance company with its principal place of business located at One State Farm Plaza, Bloomington, IL 61710.

3.    State Farm uses the Xactimate estimating software to estimate the cost of structural damage repairs for insured properties located in Colorado.

4.    The Xactimate estimating software is a leading estimating software used by insurance carriers and contractors, including to prepare estimates of the cost to repair structural damage.

### 5.    COMPUTATION OF DAMAGES

**Plaintiff's Calculation:**

The following computation of damages is a preliminary estimate, based upon information now known and reasonably available. This computation will be supplemented and revised as additional information becomes available.

- Denial of payment damages: The amount of damages sustained by Plaintiff and the class is approximately (and at times more than) $75.00 per square of roof to be removed. Based on available information, that results in damages to the Class of close to $38 million. Discovery

will allow Plaintiff to make a more accurate estimate of damages, which will include commercial properties.

- Double damages pursuant to C.R.S. § 10-3-1116(1).

- Reasonable attorney fees and court costs and two times the covered benefit under C.R.S. § 10-3-1116(1).

- All interest, including pre-judgment and post-judgment interest.

**Defendant's Response:**

State Farm disputes (1) that Plaintiff (or any putative class member) is entitled to any damages; (2) Plaintiff's assertion as to how any asserted damages could be calculated; and (3) Plaintiff's assertion that it or any putative class member is entitled to prejudgment interest.

If it prevails in this litigation, State Farm submits that it will be entitled to recover its costs and attorneys' fees incurred in defense of this action pursuant to C.R.S. § 10-3-1116(5).

## 6.    REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(F)

a.    **Date of Rule 26(f) meeting.**

The parties held their initial 26(f) meeting on September 29, 2021.

b.    **Names of each participant and party represented.**

William Gray and Nathalie Sar participated on behalf of Plaintiff. Jacob L. Kahn and Hillary D. Patterson participated on behalf of Defendant.

c.    **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

Plaintiff and Defendant made their initial disclosures on October 13, 2021.

d.    **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

None.

e. **Statement concerning any agreements to conduct informal discovery:**

Upon request from Defendant, Plaintiff provided Defendant with informal discovery that included claim information for the three insurance claims referenced in the original Complaint.

f. **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

Paper and electronic documents produced by either party will be bates-labeled; the parties will agree on a procedure for labeling native-format files for production. The Parties will use a unified numbering system for exhibits. Redactions for privilege or work-product protection will be made in black.

With respect to claims of privilege or attorney work-product, the Parties agree that, if the case proceeds into discovery, neither Party will be required to prepare a privilege or redaction log for any documents withheld from production based on asserted privilege or attorney work-product claims that post-date the filing of Plaintiff's original Complaint. The parties will also consider and submit a "claw-back" agreement and proposed Order to address the inadvertent production of documents protected by any privilege or the attorney work-product doctrine, pursuant to Rule 502(d) of the Federal Rules of Evidence. The parties further agree to explore in good faith additional ways to limit the cost and time associated with privilege reviews – such as the use of categorical privilege logs, as appropriate.

g. **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties anticipate that discovery of their claims or defenses will involve some electronically stored information, such as claim materials, data kept in connection with the

Xactimate software, and other documents stored in electronic format. The parties anticipate some discovery of native-format electronic files in this action.  The Parties will endeavor to create a mutually-agreeable ESI protocol.

h.     **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The Parties believe that currently settlement discussions are premature.  The Parties will continue to discuss settlement possibilities as the case develops.

## 7.     CONSENT

All parties **have not** consented to the exercise of jurisdiction of a magistrate judge.

## 8.     DISCOVERY LIMITATIONS

a.     **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

None.

b.     **Limitations which any party proposes on the length of depositions.**

Each deposition shall be limited to one day of seven hours. Rule 30(b)(6) depositions shall be limited to one day of seven hours regardless of the number of designees or representatives that testify on behalf of the Rule 30(b)(6) deponent.

c.     **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

None.

d.     **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

45 days prior to discovery cutoff.

e.       **Other Planning or Discovery Orders.**

The Parties will work collaboratively to agree to and seek entry of a stipulated protective order in accordance with this Court's practice standards.

## 9.       CASE PLAN AND SCHEDULE

**Plaintiff's Proposal:**

In its proposal below, Defendant argues the merits of three separate motions – a motion to dismiss, a motion to stay, and a motion to bifurcate discovery. A Proposed Scheduling Order is not the proper place to present arguments on those motions, and Plaintiff will fully respond to Defendant's arguments in Plaintiff's briefs in response to the motions once they are filed.

Briefly, Plaintiff states that a motion to stay is disfavored in this district, a rare exception rather than the rule. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (citation omitted); *Gold, Inc. v. H.I.S. Juveniles, Inc.*, No. 14-cv-02298-RM-KMT at *3 (D. Colo. Apr. 8, 2015); *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) ("[t]he right to proceed in court should not be denied except under the most extreme circumstances"). Certainly, a stay is inappropriate when there is no pleading on record that is responsive to Plaintiff's Amended Complaint, as is the current status of this matter. Plaintiff will address each of the *String Cheese Incident* factors for the Court to consider in its response to Defendant's motion to stay, once filed.

Similarly, bifurcation of merits and class discovery is not routinely granted. *See* Manual for Complex Litigation ("MCL") § 21.14 ("Arbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes."). "Courts have recognized that information about the nature of the claims on the merits and the proof that they require is important to deciding certification." *Id.*

In this matter, Defendant's description of "Phase I" of discovery belies their argument for

bifurcation and reveals that their true motive is simply delay. Defendant proposes that Phase I of discovery would include discovery of both Plaintiff's individual claims as well as class-wide issues related to certification—including "State Farm's estimating and claim handling practices related to roofing tear-off work during the relevant period." Since Plaintiff's class certification motion will argue that all class members were treated in the same, uniform manner as Plaintiff, one cannot imagine what merits-based discovery will remain after class-certification. Indeed, Defendant fails to identify a single non-overlapping issue that will remain for discovery after certification.

To be sure, Plaintiff identifies the following merits-based issues that relate both to Plaintiff's individual claims (which Defendant would allow in Phase I discovery) and the class-wide claims (which Defendant appears to argue should proceed in Phase II):

1) Whether State Farm uses "DMO" labor pricing for removal of roofing material.

2) Whether State Farm uses "RFG" labor pricing for roofing work labor.

3) How State Farm's estimating software is used in the claims handling process.

4) Whether State Farm's estimating software automatically enters "DMO" labor pricing for removal of roofing material, and whether adjusters can change that pricing.

5) Whether a contractor may sue under the C.R.S. § 10-3-1115 and § 10-3-1116.

6) Whether State Farm was unjustly enriched by keeping the difference between the "DMO" and "RFG" pricing.

7) State Farm's claim handling procedures, manuals, guidelines with respect to payment of labor for roofing work.

8) Statements by State Farm and its representatives and agents regarding payment for roofing labor.

Not only will class-wide merits discovery overlap with individual merits discovery, but

discovery related to class certification significantly overlaps with class merits-based discovery. Defendant's claims handling procedures, its communications to contractors, and its use of estimating software all relate to the question of predominance <u>and</u> to class-wide merits. Where such an overlap exists, "if the court were to bifurcate discovery, it would likely be forced to spend time and resources resolving endless discovery disputes over what is merit discovery and what is class discovery. Bifurcation, therefore, would be inefficient and unworkable." *Smith v. Lifevantage Corp.*, Case No. 2:18-cv-00621-DBB-PMW (D. Utah April 15, 2020).

Defendant seeks bifurcation for one reason—to delay.  Defendant informs the Court, as if it were novel, that upon certification notice would need to be sent out to the class. Certainly, the Court is aware of this standard practice and that it would not require bifurcating discovery or reinventing the wheel. While the Defendant bloviates on the reasons that a Court *may* bifurcate discovery, Defendant does not even attempt to explain why any of those reasons are applicable to this matter. Glaringly, Defendant also fails to explain why this Court should extend discovery for *more than* double the amount of time that Plaintiff proposes and is standard in this Court.

It is readily apparent that the issues that are necessary for class and individual merits discovery are indistinguishable from any issues that would remain for "Phase II" discovery that Defendant proposes. As a result, bifurcation would be inefficient and unworkable, and there is no need for an extended discovery schedule that would delay dispositive motions, expert deadlines, trial, and other deadlines that Defendant seeks to put off indefinitely.

      a.      **Deadline for Joinder of Parties and Amendment of Pleadings:** December 10, 2021.

      b.      **Discovery Cut-off:** August 22, 2022

      c.      **Dispositive Motion Deadline:** September 22, 2022

d.      **Plaintiff's Motion for Class Determination under Rule 23(c)(1):** May 29, 2022

e.      **Defendants' Opposition to Motion for Class Determination under Rule 23(c)(1):** June 29, 2022.

f.      **Expert Witness Disclosure:**

1.      The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff anticipates calling expert witnesses in the following areas: professional engineering, construction standards and costs, Xactimate software, and insurance industry standards and practices.

2.      Limitations which the parties propose on the use or number of expert witnesses.

Each side shall be limited to 1 expert witness per area of subject matter. The number of expert witnesses may be increased for good cause shown, upon a motion to the Court.

3.      The parties shall designate all experts and provide opposing counsel and any *pro se* parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **March 28, 2022**. This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

4.      The parties shall designate all rebuttal experts and provide opposing counsel and any *pro se* party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **April 28, 2022**. This includes disclosure of information applicable to "Witnesses Who Must Provide A

Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do No

Provide a Written Report" under Rule 26(a)(2)(C).

5.      Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception

to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing

and approved by the court. In addition to the requirements set forth in Rule 26(a)(2)(B)(i)-(vi), the

expert's written report also must identify the principles and methods on which the expert relied in

support of his/her opinions and describe how the expert applied those principles and methods

reliably to the facts of the case relevant to the opinions set forth in the written report.

g.      **Identification of Persons to Be Deposed:**

| Deponent Name | Expected Length of Testimony |
|---|---|
| Defendant pursuant to Fed. R. Civ. P. 30(b)(6) | Not more than 7 hours |
| Adjuster(s) assigned who adjudicate claims in Colorado | Not more than 7 hours per witness |
| Witness(es) familiar with the software Xactimate | Not more than 7 hours per witness |
| Defendant's designated expert witness(es) | Not more than 7 hours per witness |
| Any other fact witness(es) revealed through discovery | TBD |

**Defendant's Proposal:**

**Preliminary Statement**

State Farm previously filed a Motion to Dismiss the original Complaint under Rule

12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.  While the deadline for State

Farm's response to the First Amended Complaint has not yet arrived, State Farm again intends to

file a motion to dismiss under both Rule 12(b)(1) and Rule 12(b)(6).  Until that motion has been

decided, State Farm submits that discovery should be stayed in its entirety or, at most, that discovery should proceed solely as to the limited jurisdictional issue raised in State Farm's anticipated motion to dismiss under Rule 12(b)(1).

As this Court has recognized, the interests of judicial economy weigh in favor of a stay of discovery when a motion to dismiss challenges the Court's jurisdiction by way of the plaintiff's lack of Constitutional standing.  Specifically,

> "[w]here a pending motion may dispose of an action ... a stay of proceedings may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed." *Id*. In this case, the pending motion to dismiss contends that Plaintiff lacks standing to bring this suit. [#11 at pp.8-10.] Because Defendants challenge this Court's jurisdiction, the motion to dismiss may result in the dismissal of this case in its entirety. *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1176 (10th Cir. 2009); *Figueroa v. Am. Bankers Ins. Co. of Florida*, 517 F.Supp.2d 1266, 1272 n.5 (D. Colo. 2006) ("[S]tanding is a component of jurisdiction that must exist independently of any statutory basis for subject matter jurisdiction. In other words, the parties must be diverse and the Plaintiff must have standing before this Court can exercise jurisdiction over the case."). "Questions of jurisdiction should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties." *Sandoval v. U.S.*, No. 11-cv-01533-REB-KLM, 2011 WL 3682768, at *2 (D. Colo. Aug. 23, 2011). Therefore, a stay may avoid wasting judicial time and resources. Considering this case is in the early stages, the Court concludes that the interests of judicial economy favor a stay.

*Gallan v. Bloom Bus. Jets, LLC*, No. 119CV03050WJMSKC, 2020 WL 9424245, at *2 (D. Colo. July 6, 2020) (granting defendant's motion to stay discovery).  The public interest also favors a stay in these circumstances, for there is "a strong public policy in 'avoiding unnecessary expenditures of public and private resources on litigation.'"  *Id.* at *3 (quoting *Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL 4574863, at *4 (D. Colo. July 30,2015)).

In the event State Farm's motion to dismiss is denied, State Farm submits that discovery should be bifurcated, with the first phase of discovery focused upon Plaintiff's individual claims and facts pertinent to class certification. This would include discovery concerning the merits of

Plaintiff's individual claims, the typicality or atypicality of those claims, Plaintiff's adequacy (and that of its counsel) to represent the putative class, facts pertaining to the other requirements for class certification (*i.e.*, commonality, predominance, superiority) under Rule 23 of the Federal Rules of Civil Procedure, and State Farm's estimating and claim handling practices related to roofing tear-off work during the relevant period (hereinafter, "Phase I Class Certification Discovery").  State Farm has identified proposed dates for Phase I Class Certification Discovery below.

At the close of Phase I Class Certification Discovery, State Farm proposes that the Parties would submit their respective briefs on class certification. Following a ruling on class certification, the Parties would submit a further proposed scheduling order to address deadlines for remaining merits discovery (hereinafter, "Phase II Merits Discovery") and trial. If a class were certified, the members of that class would be entitled to receive notice of the class certification and a reasonable opportunity to opt out of the class before trial. Notice to the class would need to be drafted and presented to the Court for approval, and thereafter mailed and otherwise communicated to members of the class. *See* Fed. R. Civ. P. 23. State Farm would also request additional time for discovery as to any certified class.  For example, discovery may be necessary to address individual proofs required as to each class member's claim, including as to the identification of class members and their claimed damages, if any. *See, e.g., Schwartz v. Celestial Seasonings, Inc*., 185 F.R.D. 313, 317 (D. Colo. 1999) (authorizing discovery from absent class members to address damages-related issues, among other things).  Similarly, discovery may be necessary to enable State Farm to develop support for its individualized defenses to each class member's claim.  Indeed, as the Supreme Court has recognized, "a class cannot be certified on the premise that [the defendant] will not be entitled to litigate" its defenses to individual claims. *Wal-Mart Stores, Inc. v. Dukes*, 564

U.S. 338, 367 (2011) (internal citations omitted).   And the Parties may require further expert testimony to address merits issues. Whether any, some, or all of these items will be necessary will not be known until after the decision on class certification—and certainly are not known at this stage, where no viable claim for relief has even been alleged by RTP. Consequently, it is not feasible at this stage to estimate the time necessary for each of these potential steps.

Phased discovery such as that proposed herein has become commonplace in asserted class actions because it avoids expensive, and potentially unnecessary, discovery if class certification is ultimately denied. *See, e.g., Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1241, 1250 (10th Cir. 2011) (discussing with approval parties' agreed discovery plan adopted by district court in which discovery was "divided into two phases, the first phase pertaining to certification of the class, with the second phase devoted to the merits claims and defenses of the parties"); months); *Rivera v. Exeter Finance Corp.*, Civil Action No. 15-cv-01057-PAB-MEH, 2016 WL 374523, at *2 (D. Colo. Feb. 1, 2016) (noting, in putative class action, that "[t]he Court granted Defendant's request and bifurcated th[e] case, permitting only discovery about Plaintiff's individual claims and the class action requirements of [Rule 23]…to proceed," with "[a]ny remaining discovery, such as expert and fact discovery about the claims of the absent class members…deferred until after the Court's ruling on class certification"); *Gagnon v. Merit Energy Co.*, Civil Action No. 14-cv-00832-PAB-KLM, 2015 WL 3961174, at *1-2 (D. Colo. June 29, 2015) (noting that discovery in putative class action was bifurcated into class certification and liability phases); *Seabron v. Am. Family Mut. Ins. Co.*, Civil Action No. 11-cv-01096-WJM-KMT, 2013 WL 3713652, at *5 (D. Colo. July 16, 2013) (noting that discovery in putative class action was bifurcated, with issues related to Rule 23 requirements proceeding first).

This Court likewise has routinely established phased discovery in the scheduling orders it

has entered in asserted class actions. *See, e.g.*, Scheduling Order at 1, *Bachanov v. Fedex Ground Package Sys., Inc.*, No. 1:20-cv-601-WJM-SKC (D. Colo. Apr. 13, 2020), ECF No. 26 (establishing initial phase of discovery "limited to the class certification question," and noting that the "Phase II Scheduling Order [would] address any needed merits discovery . . . after a ruling on the motion for class certification"); Scheduling Order at 17, *Box Elder Kids, LLC v. Anadarko E&P Onshore, LLC*, No. 1:20-cv-2352-WJM-SKC (D. Colo. Nov. 16, 2020), ECF No. 37 (directing the parties to "propose a revised scheduling order for additional merits discovery . . . , if necessary, fifteen days after a final ruling on class certification"); Scheduling Order at 1, *Newell v. Homeadvisor, Inc.*, No. 1:19-cv-2392-WJM-SKC (D. Colo. Nov. 20, 2019), ECF No. 31 (noting the court's bifurcation of discovery between class certification and merits discovery "after considering arguments of counsel"); Scheduling Order at 1, *Murphy v. Pester Mktg. Co.*, No. 1:19-cv-498-MSK-SKC (D. Colo. Feb. 19. 2020), ECF No. 28 (noting the court's agreement to the parties' proposal to bifurcate discovery between class-certification and merits discovery).

The Manual for Complex Litigation also generally advocates postponing potentially unnecessary merits discovery until after the class certification decision has been made. *See* David F. Herr, Annotated Manual for Complex Litigation § 21.14 (4th ed. 2011) ("Courts often bifurcate discovery between certification issues and those related to the merits of the allegations. Generally, discovery into certification issues pertains to the requirements of Rule 23 and tests whether the claims and defenses are susceptible to class-wide proof; discovery into the merits pertains to the strength or weaknesses of the claims or defenses and tests whether they are likely to succeed.").

In sum, while State Farm submits that discovery should appropriately be stayed at this time, State Farm provides the following alternative proposal for phased discovery in the event State Farm's motion to dismiss is denied. State Farm's proposed deadlines for the class certification

phase of this case are set forth in the table below (with further details provided in the sections that follow). State Farm proposes that the deadlines for completing any remaining fact and expert discovery related to the merits phase of the case (Phase II Merits Discovery) be established after this Court rules on Plaintiff's anticipated motion for class certification.

| Event | Proposed Deadline |
|---|---|
| Joinder of Parties and Amendment of Pleadings | December 10, 2021 |
| Plaintiff's Class Certification Expert Disclosures | May 24, 2022 |
| Deposition(s) of Plaintiff's Class Certification Expert Witness(es) | June 23, 2022 |
| State Farm's Class Certification Expert Disclosures | July 23, 2022 |
| Deposition(s) of State Farm's Class Certification Expert Witness(es) | August 22, 2022 |
| Close of Phase I Class Certification Discovery | August 22, 2022 |
| Plaintiff's Motion for Class Certification | September 21, 2022 |
| State Farm's Opposition to Class Certification | November 7, 2022 |
| Plaintiff's Reply in Support of Class Certification | December 7, 2022 |

a.     **Deadline for Joinder of Parties and Amendment of Pleadings:** December 10, 2021.

b.     **Proposed Class Certification Discovery Cut-off:**

State Farm proposes that Phase I Class Certification Discovery, which would include all fact and expert discovery related to class certification, and all fact discovery related to Plaintiff's individual claims, be completed by August 22, 2022.

c.     **Dispositive Motion Deadline & Class Certification Motion Deadline:**

Dispositive Motions

State Farm proposes that the deadline for dispositive motions be set during the merits phase of the case (Phase II Merits Discovery), the schedule for which would be established after this Court rules on Plaintiff's anticipated motion for class certification.  Dispositive motions in class actions ordinarily would be filed after class certification unless either party wishes to file motions as to the individual claims of the named plaintiff.

Class Certification Motion

Plaintiff's motion for class certification shall be filed no later than 30 days after the close of Phase I Class Certification Discovery, on or before September 21, 2022.  State Farm's brief in opposition to class certification shall be filed 45 days thereafter, on or before November 7, 2022.  And Plaintiff's reply (if any) shall be filed 30 days after State Farm's opposition papers, on or before December 7, 2022.

d.     **Class Certification Expert Witness Disclosures:**

1.     The parties shall identify anticipated fields of expert testimony, if any.

State Farm anticipates disclosing one or more expert witnesses during Phase I Class Certification Discovery.  The anticipated fields of such expert testimony may include forensic

accounting and financial analysis as to the Plaintiff's financial records, contractor and/or estimating expertise, and insurance industry standards and practices.

2.    Limitations which the parties propose on the use or number of expert witnesses.

Each side shall be limited to 1 expert witness per area of subject matter during Phase I Class Certification Discovery. The number of expert witnesses may be increased for good cause shown, upon a motion to the Court.

3.-4.    Proposed Schedule for Class-Certification-Related Expert Disclosures

See table above.  State Farm proposes that the deadlines for designating experts related to the merits phase of discovery (Phase II Merits Discovery) be deferred until after the Court rules on Plaintiff's anticipated motion for class certification.

Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the court. In addition to the requirements set forth in Rule 26(a)(2)(B)(i)-(vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.

e.    **Identification of Persons to Be Deposed During Phase I Class Certification Discovery:**

| Deponent Name | Expected Length of Testimony |
|---|---|
| Corporate Representative(s) of Plaintiff, pursuant to Fed. R. Civ. P. 30(b)(6) | Not more than 7 hours |
| Scott Ponzio, Plaintiff | Not more than 7 hours |

| Corporate Representative(s) of Xactware Solutions, Inc. | Not more than 7 hours |
|---|---|
| Plaintiff's designated expert witness(es) regarding class certification | Not more than 7 hours per witness |
| Any other fact witness(es) revealed through discovery | TBD |

## 10.   DATES FOR FURTHER CONFERENCES

a.     Status conferences will be held in this case at the following dates and times:

_____.

b.     A final pretrial conference will be held in this case on _____ at ____

_____. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later

than 7 days before the final pretrial conference.

## 11.   OTHER SCHEDULING MATTERS

a.     Identify those discovery or scheduling issues, if any, on which counsel after a good

faith effort, were unable to reach an agreement.

    None.

b.     Anticipated length of trial and whether trial is to the court or jury.

**Plaintiff:**  Plaintiff anticipates the need for a 5-day trial.

**Defendant:**  State Farm cannot presently anticipate the length of any trial.  The length of trial will

depend on whether this matter will be tried as an individual or a class action.  State Farm requests

a trial by jury.

c.     **Identify pretrial proceedings, if any, that the parties believe may be more**

**efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch**

**Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal**

Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439.

None.

## 12.   NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.   AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

APPROVED October 19, 2021

s/ Nathalie Sar
Nathalie Sar
William Charles Gray
Gray LLC-Chicago
17 North State Street
Suite 1600
Chicago, IL 60602
312-278-7900
Email: bgray@grayllclaw.com
      nsar@grayllclaw.com

and

Richard D. Daly
Melissa Wray
Daly & Black, P.C.
2211 Norfolk Street, Suite 800
Houston, TX 77098
Telephone: (713) 655-1405
Facsimile: (713) 655-1587
Email: rdaly@dalyblack.com
      mwray@dalyblack.com


*Attorneys for Plaintiff*
*RTP Roofing Co.*

s/_____
Franklin D. Patterson
Hillary D. Patterson
PATTERSON RIPPLINGER, P.C.
5613 DTC Parkway, Suite 400
Greenwood Village, Colorado  80111
fpatterson@prpclegal.com
hpatterson@prpclegal.com
(303) 741-4539

Joseph A. Cancila
Jacob L. Kahn
RILEY SAFER HOLMES & CANCILA LLP
70 West Madison Street, Suite 2900
Chicago, Illinois  60602
jcancila@rshc-law.com
jkahn@rshc-law.com
(312) 471-8700

*Counsel for Defendant State Farm Fire and*
*Casualty Company*


DATED at Denver, Colorado, this _____ day of _____, 2021.

BY THE COURT:

_____
United States Magistrate Judge

24