**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: ~~_____~~ 1:21-cv-01816-WJM-SKC

RTP ROOFING CO.,

     Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

     Defendant.

---

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

---

    Plaintiff RTP Roofing Co. ("RTP" or "Plaintiff"), through its attorneys, Daly & Black, P.C~~.~~., and Gray LLC, respectfully submits the following First Amended Complaint and Jury Demand:

**INTRODUCTION**

    ~~1.     State Farm Fire and Casualty Company ("State Farm" or "Defendant") insures thousands of homes in Colorado.~~

    ~~2.     Indeed, State Farm holds the largest market share for homeowner's insurance policies in Colorado, with nearly twice as many policies as the next insurance company.~~

    ~~3.     Unfortunately, State Farm has consistently and wrongly denied full payment when processing each and every insurance claim for hail loss on the multitude of properties it insures.~~

1

EXHIBIT 1

4.1.     Colorado is part of "hail alley." ~~As a state it ranks second only to~~Only Texas ~~for~~surpasses Colorado in the total number of ~~hail loss~~insurance claims for hail damage. Between 2017 and 2019, more than 380,000 Colorado residents – an average of 126,000 per year – filed ~~with insurers.~~ such claims.

5.2.     As a result of the frequency ~~with which~~of hail ~~hits Colorado cities~~storms, Colorado property owners pay higher insurance policy premiums than homeowners in other states.

6.3.     When damaging hail and windstorms strike, roofing contractors are engaged by insureds (the homeowners) to complete roofing work to address the hail and wind damage. In most instances, roofing contractors work directly with the property owner's insurance company once a homeowner makes a claim related to roof damage.

~~7.     In most instances, roofing contractors work directly with the property owner's insurance company, like State Farm, once a homeowner makes a claim related to roof damage.~~

~~8.     In processing a claim for roof damage, the insurer determines the scope of work that is covered by the property owner's policy, and the amount the insurance company is to pay the contractor for the roofing work to be performed.~~

~~9.     During this processing of the claim for roof damage, State Farm intentionally denies payments for benefits that are covered under the building owners' policies.~~

~~10.     Without any reasonable basis, State Farm uniformly denies payment for labor for removing roofing material.~~

EXHIBIT 1

~~11.     The roofing contractors who perform the roofing work are the ones to suffer the economic damage of the unreasonable denial, since the homeowners are only asked to contribute their deductible towards the cost of roofing work.~~

~~12.     As part of the roofing work performed following a damaging storm, experienced and skilled roofing contractors must remove and replace damaged roofing materials.~~

~~13.~~4.     Roofing contractors ~~hire~~employ skilled workers who are trained to work with a variety of roofing materials in a dangerous environment. Roofers must navigate dangerous work areas that are 30 or more feet off the ground. ~~As a result, roofing workers~~ and sometimes very steep. They frequently use harnesses and cables in order to traverse the roof they are working on. Roofers suffer catastrophic injuries at a significantly higher rate than other ~~construction workers.~~ workers. According to the Bureau of Labor Statistics, roofers had a work fatality rate more than 10 times the average rate of work fatalities per year in 2018.

~~14.     Roofers also must learn and apply precise and careful skills specific to working with roofing material.~~

~~15.     As part of the delicate and precise process of roofing work, roofing workers carefully traverse a roof 30-plus feet off the ground, using harnesses and cables, avoiding damaging the unaffected portions of the roof, and knowing how to work with a variety of roofing materials.~~

~~16.     Contractors~~ In light of the technical nature of roofing work and the dangers inherent in the trade, contractors pay roofers higher wages ~~compared to typical construction or demolition work~~

EXHIBIT 1

17.   ~~than some other trades.~~ Contractors also pay ~~roofers those~~ higher ~~wages regardless of whether they are removing roofing material or installing it, since removal requires the exact same skill as installing it.~~

18.5.   ~~Contractors must also pay higher workers~~workers' compensation premiums for roofing labor than for other types of construction work.

6.   Naturally, part of the re-roofing process involves the tear-off of existing roofing materials. Because it requires the same skill and care as installing roofing materials, tear-off is performed by roofers as opposed to laborers or another, less skilled trade. Roofing contractors pay roofers the same wage regardless of whether the roofers are installing roofing material or tearing it off.

7.   State Farm Fire and Casualty Company ("State Farm" or "Defendant") insures thousands of homes in Colorado.~~However~~ Indeed, State Farm ~~does not pay roofing contractors for skilled~~ holds the largest market share – 19.5% – in  in the homeowners' insurance sector in Colorado, issuing nearly twice as many policies as its biggest competitor.

19.8.   In adjusting its Colorado insureds' claims, State Farm refuses to pay the roofing labor ~~when the labor is designated as removal.~~ rate for tear-off of roofing material. Instead, State Farm pays a "demolition rate." This is the labor rate that would be appropriate for taking a sledgehammer to a fire-damaged structure or removing kitchen countertops. It is not appropriate, nor does it represent the market rate, for the tedious, dangerous process of removing roofing materials that is performed by the very same skilled laborers who install new ones.

20.   ~~Instead, State Farm pays a significantly lower labor rate that is applicable to general demolition, like knocking walls down.~~

EXHIBIT 1

~~21.     Yet State Farm pays a higher roofing labor rate for roofing material installation.~~

~~22.     The same roofing workers, requiring the same skills and the same risk, perform both removal and installation of roofing material. The contractors pay those workers the same higher wages (and pay for the same increased workers compensation premiums) for both removal and installation.~~

~~23.~~9.    There is no reasonable basis for denying ~~roofing contractors~~ payment ~~for~~of the roofing labor ~~required to remove~~rate for tear-off of roofing material.

~~24.~~10.  ~~This~~State Farm's unreasonable denial is actionable under Colorado's bad faith law.

## COLORADO BAD FAITH LAW

~~25.     Under~~ Colorado ~~law, C.R.S.~~Revised Statutes §§ 10-3-1115 and ~~-~~1116~~,~~ allow a ~~plaintiff in a first-party insurance case claiming that the~~ "first-party claimant" to recover reasonable attorneys' fees, court costs, and two times actual damages when an insurance company unreasonably ~~delayed~~denies or ~~denied~~delays payment of insurance benefits ~~can recover double damages, costs and attorney fees.~~

~~26.~~11.  ~~Specifically, the bad faith statute provides that "[a] person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for.~~ Section 10-3-1115(1)(b)(I) defines a first-party claimant as someone "asserting an entitlement to benefits owed directly to or on behalf of ~~any first-party claimant." C.R.S.10-3-1115(1)(a).~~an insured under an insurance policy."

~~27.~~12.  ~~Under C.R.S. §10-3-1115 and Colorado case law, the party with standing needs neither~~A litigant need not have a contractual relationship with the insurance company ~~nor an~~

EXHIBIT 1

~~assignment of claims~~or be the assignee of an insured's claim in order to bring a statutory bad

faith claim as a "first-party claimant."

~~28.~~13.   Accordingly, claims for statutory bad faith may be brought by an insured's

contractor.

EXHIBIT 1

## JURISDICTION AND VENUE

29.14.  This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"),, 28 U.S.C. § 1332(d),) because: (i) at least one member of the class is a citizen of a state different from Defendant,; (ii) the amount in controversy exceeds $5,000,000, exclusive of costs and interests,; and (iii) none of the exceptions under that section applies to this action.

30.    With regard to citizenship, as set forth below, RTP is a citizen of Colorado typically sees over 150,000 homeowner hail loss claims every year.

31.15.  and State Farm benefits from a significant 19.5% market share of homeowners insurance policies in Coloradois not.

32.    As for amount in controversy, data published by State Farm indicates that in 2020, State Farm paid $207,900,000 to Colorado homeowners who filed hail claims and the average homeowner claim was $12,000, meaning that State Farm paid approximately 17,325 claims in Colorado. An average residential roof size in Colorado is approximately 2,100 square feet (or 21 100-square foot "squares").

33.16.  The"), and the labor rate State Farm pays for removaltear-off of roofing material is approximately (and in some cases more than) $75 per square less than the skilled roofing labor rate that is paid for installation. Even if only one-fourth of the roofs required replacement, Plaintiff and the class may recover more than $27,000,000 in damages, excluding attorneys' fees and costs, based on State Farm's failure to pay roofing labor for tear-off of roofing material in a two-year class period.

34.    Assuming even just a quarter of the over 250,000 residential roofs require complete replacement when they sustain hail damage, Plaintiff and the class may recover

EXHIBIT 1

damages of over $38 million based on State Farm's failure to pay for roofing material removal labor in a two-year class period.

35.17.   Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred here, and under 18 U.S.C. § 1965(a) because DefendantState Farm transacts business or is otherwise found in this district.

## PARTIES

36.18.   PlaintiffRTP Roofing is a Colorado corporation with a principal office street address of 4011 S Federal Boulevard, Sheridan, Colorado 80110. It is a citizen of Colorado.

37.      Plaintiff is a citizen of Colorado.

38.19.   Defendant State Farm is aan Illinois corporation with its principal office at One State Farm Plaza, Bloomington, Illinois 61710. It is not a citizen of Colorado.

39.      State Farm is not a citizen of Colorado.

## FACTUAL ALLEGATIONS

20.      For RTP is a roofing contractor in the Denver metro area with more than 27 years of experience.

40.      For at least the last twco10 years, PlaintiffRTP has done roofing frequently performed work stemming from claims for hail damage on properties covered by State Farm insurance policies.

21.      insureds. It has been RTP's uniform experience that State Farm unreasonably denied payment for refuses to pay the roofing labor rate for removaltear-off of roofing materials and, instead paying, will only pay the lower demolition rate.

22.

EXHIBIT 1

41. 23.   RTP has approached State Farm representatives about State Farm's failure to pay the market rate for tear-off of roofing materials multiple times. Each time RTP has raised this issue and explained that the roofing labor rate should apply, State Farm has informed RTP that State Farm does not pay the roofing labor rate for this type of roofing work for anyone, under any circumstances.

42.    State Farm uses a construction estimating software called Xactimate, the leading estimating software for construction, including roofing work.

43.    The Xactimate program contains default labor rates for different categories of work.

44.    When roofing material replacement or installation is selected as the category of work, Xactimate defaults to the skilled roofing labor.

45.    However, when the category of work is selected as roofing material removal, Xactimate defaults to the significantly lower general demolition labor rate.

24.    A lower demolition rate is the default rate for roofing material removal labor when As a result, RTP and – on information and belief – other roofing contractors stopped including the roofing labor rate on their *own* estimates when performing work for State Farm insureds because any attempt to require State Farm to pay the roofing labor rate rather than the demolition rate during the claim process was futile.

25.    State Farm uses Xactimate, an industry-wide estimating program, to create its repair estimates. Generally speaking, a user creates an estimate in Xactimate by adding line items that represent the repair work required to be done. There are two ways a user can do this. The user can add items by interfacing with Xactimate Sketch, a component of Xactimate that allows

EXHIBIT 1

users to create sketches of rooms, roofs, structures, etc., that require repairs. Or, the user can manually add line items by using an "add" button that brings up a menu that allows the user to make selections until the desired item comes up.

26.     When a removal task is selected, the program automatically inserts demolition labor ("DMO"), while replacement tasks typically default to their trade labor rate ("RFG"). This is demonstrated in the screenshot below:



27.     Importantly, Xactimate allows the user to select a different labor rate.  In the screenshot above, for example, the user would click on the arrow next to DMO and have the option to select roofing labor ("RFG").

46.     However, each and every time State Farm adjusts a Colorado roof claim for hail damage, State Farm uses its Xactimate software to process an estimate for a claim, even though the same workers who perform the installation also perform the removal, using the same specialized roofing skills, facing the same dangers, and being paid the same elevated wages.

47.     Below is a screenshot of the Xactimate program's default labor rates, showing that the demolition labor (DMO) is used for removal, but skilled roofing labor (RFG) is used for replacement (i.e. removal and installation) of roofing material:

EXHIBIT 1



48.28.   ~~In each and every roofing claim for storm damage, State Farm unreasonably uses the default demolition rate for~~ rate for removal of roofing material ~~removal~~ in its estimates, unreasonably denying insureds, and therefore their contractors, payment for the difference between the skilled roofing labor rate and the general demolition labor rate. There is no reasonable basis for State Farm's refusal to pay the appropriate labor rate.

~~49.      There is no reasonable basis for denying payment for skilled roofing labor.~~

29.      ~~For example, Plaintiff performed roofing work for~~ Following are three examples of claims where State Farm paid the demolition rate instead of the correct roofing labor rate for tear-off.

~~50.~~30.   RTP was the insured's contractor in connection with a hail ~~loss for a property~~ claim in Parker, Colorado, with a date of loss of September 12, 2019 ~~("the "~~ Parker Claim").

~~51.      ~~State Farm ~~provided its~~ created a repair estimate ~~of covered work for the Parker Claim,~~ dated October 6, 2019~~.~~

~~52.~~31.   State Farm's estimate ~~,~~ that included the following line item for ~~roofing material removal:~~ tear-off:

| | | | | | | | Avg. | 60.00% | |
|---|---|---|---|---|---|---|---|---|---|
| 2. Tear off, haul and dispose of comp. shingles - Laminated | | 26.64 SQ | | 56.85 | | 0.00 | 1,514.48 | | 1,514.48 |

EXHIBIT 1

53.   For 26.64 SQ (or "squares"), State Farm ~~agreed to pay~~scoped $56.85/SQ for labor – the demolition rate – for a total ~~of~~ $1,514.48~~, with a demolition labor rate of $56.85 per square.~~

54.   . The ~~skilled~~ roofing labor rate for ~~removing roofing material would have been~~tear-off in that location on October 6, 2019, was $166.81~~per square in Parker on the date of the estimate.~~

~~55.~~32. /SQ. Accordingly, the total payment ~~to Plaintiff~~ for ~~removal~~tear-off of 26.64 squares ~~of roofing material~~, which State Farm admitted was ~~a~~ covered ~~benefit~~, should have been $4,443.82.

~~56.~~33.  Therefore, **~~Plaintiff was~~State Farm** denied **~~a total~~benefits** of **$2,929.34** ~~for~~on the Parker Claim.

34.   Similarly, ~~Plaintiff performed roofing work for~~RTP was the insured's contractor in connection with a hail ~~loss for a property~~claim in Highlands Ranch, Colorado ~~with a~~, with a date of loss of July 4, 2019 (the "Highlands Ranch Claim").

35.   State Farm created a repair estimate dated August 7, 2019, that included the following line item for tear-off:

| | | | | |
|---|---|---|---|---|
| 1. Tear off, haul and dispose of comp. shingles - Laminated | | | | |
| | 31.12 SQ | 52.20 | 0.00 | 1,624.46 | 1,624.46 |

36.   State Farm scoped $52.20/SQ for labor – the demolition rate – for a total of $1,624.46. The roofing labor rate for tear-off in that location on August 7, 2019, was $166.81/SQ. Accordingly, the total payment for tear-off of 31.12 squares, which State Farm admitted was covered, should have been $5,191.13.

37.   Therefore, State Farm denied benefits of **$3,566.67** on the Highlands Ranch Claim.

EXHIBIT 1

57.38.   Similarly, RTP was the insured's contractor in connection with a hail claim in Sedalia, Colorado, with a date of loss of July 4, 2019 ("Highlands Ranch(the "Sedalia Claim").

58.39.   State Farm provided itscreated a repair estimate of covered work for the Highlands Ranch Claim ondated August 71, 2019., that included

59.40.   State Farm's estimate contained the the following line item for roofing material removaltear-off:

| 1. Tear off, haul and dispose of comp. shingles - Laminated | | | | |
|---|---|---|---|---|
| | 31.12 SQ | 52.20 | 0.00 | 1,624.46 | 1,624.46 |

For 31.12 squares,

| Tear off, haul and dispose of comp. shingles - Laminated | | | | |
|---|---|---|---|---|
| 7.91   21.91 SQ | 52.20 | 0.00 | 1,143.70 | 1,143.70 |

60.   State Farm agreed to pay a total $1,624.46, with a scoped $52.20/SQ for labor – the demolition labor rate of $52.20 per square.

61.   The skilled roofing rate  for removinga total of $1,143.70. The roofing material would have beenlabor rate for tear-off in that location on August 1, 2019, was $166.81 per square in Highlands Ranch on the date of the estimate.

62.   /SQ. Accordingly, the total payment to Plaintiff for removal of 31.12 squares of roofing material, which State Farm admitted was a covered benefit, should have been $5,191.13.

63.   Therefore, **Plaintiff was denied a total of $3,566.67** for the Highlands Ranch Claim.

64.   Similarly, Plaintiff performed roofing work for hail loss for a property in Denver, Colorado with a date of loss of July 4, 2019 ("Sedalia Claim").

13

EXHIBIT 1

65.     ~~State Farm provided its estimate of covered work for the Sedalia Claim on August 1, 2019.~~

66.     ~~State Farm's estimate contained the following line item for roofing material removal:~~

Tear off, haul and dispose of comp. shingles - Laminated     21.91 SQ     52.20     0.00     1,143.70     1,143.70

67.     ~~For 21.91 squares, State Farm agreed to pay a total $1,143.70, with a demolition labor rate of $52.20 per square.~~

68.     ~~The skilled roofing labor rate for removing roofing material would have been $166.81 per square in Sedalia on the date of the estimate.~~

~~69.~~41.   ~~Accordingly,~~ the total payment to Plaintiff for ~~removal~~tear-off of 21.91 squares of roofing material, which State Farm admitted was ~~a~~ covered ~~benefit~~, should have been $3,654.81.

~~70.~~42.   Therefore, **~~Plaintiff was~~**State Farm denied ~~a total~~benefits of **$2,511.11** for the Sedalia Claim.

43.     In all of these instances, and in all other instances where State Farm engaged in similar conduct, State Farm's denial of covered benefits was unreasonable.

**CLASS ACTION ALLEGATIONS**

~~71.~~44.   Plaintiff realleges and incorporates by reference all prior ~~allegations~~paragraphs of this Complaint as if fully set forth herein.

~~72.~~45.   Plaintiff seeks certification of a Class as defined below, pursuant to ~~Fed. R. Civ. P.~~Federal Rule of Civil Procedure 23:

All persons or entities who performed roofing work ~~in Colorado pursuant to~~for a State Farm insured in connection with a claim for ~~covered~~ roof damage covered under a State Farm insurance policy~~,~~ and were denied

14

EXHIBIT 1

~~proper~~ payment of the roofing labor rate for removal ~~payments~~ of roofing materials by State Farm in the period of July 2, 2019, to the present.

Excluded from the Class are: (i) any judge(s) presiding over this action and members of their families; (ii) Defendant's subsidiaries, parents, successors, predecessors, and any entity in which State Farm or its parents have a controlling interest and their current or former employees, officers and directors; (iii) persons who properly execute and timely request exclusion from the Class; and (iv) the legal representatives, successors or assigns of any such excluded persons.

~~73.~~46.  **Numerosity**: The exact number of Class members is unknown to Plaintiff at this time, but upon information ~~or~~and belief, ~~there are~~ hundreds of contractors ~~who~~ have done roofing work in Colorado ~~pursuant to~~ for State Farm insureds and have been similarly injured by State Farm's ~~insurance policies~~unreasonable refusal to pay roofing labor for tear-out. Members of the Class can be identified through State Farm's records.

~~74.~~47.   ~~—~~**Commonality and Predominance**: Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members.

These common questions include but are not limited to:

   i.   ~~W~~whether State Farm denied payment for skilled roofing labor for roofing material removal~~.~~;
   ~~W~~

   ii.   ~~w~~hether State Farm's denial of payment for skilled roofing labor for roofing material labor was unreasonable~~.~~;
~~W~~

   iii.   ~~w~~hether State Farm was unjustly enriched~~.~~;
~~W~~

   iv.   ~~w~~hether Plaintiff is entitled to injunctive relief~~.~~;
~~W~~

   v.   ~~w~~hether Plaintiff and the Classes are entitled to damages~~.~~; and
~~W~~

   vi.   ~~w~~hether Plaintiff and the Classes are entitled to any other relief.
~~vi.~~

EXHIBIT 1

75.48.  **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the Class sustained damages as a result of State Farm's uniform, wrongful conduct in denying payment for of the roofing material removal labor rate for tear-off of roofing materials.

76.49.  **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interest in conflict to those of the Class and State Farm has no defenses unique to Plaintiff.

77.50.  **Appropriateness**: The class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The damages suffered by the individual Class members will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by State Farm's wrongful conduct. Thus, it would be virtually impossible for the individual Class members to obtain effective relief from State Farm's unlawful practices. Even if Class members could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered, and uniformity of decisions will be ensured.

EXHIBIT 1

~~78.~~51.  **Policies Generally Applicable to the Class:** This class action is also appropriate for certification because State Farm has acted or refused to act on grounds generally applicable to the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members, and making final injunctive relief appropriate with respect to the Class as a whole. State Farm's practices challenged herein apply and affect members of the Class uniformly and Plaintiff's challenge of these practices hinges on State Farm's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

~~79.~~52.  Plaintiff reserves the right to revise the Class definition based on information learned through discovery.

**PLAINTIFF'S FIRST CLAIM FOR RELIEF**
**VIOLATION OF C.R.S. 10-3-1115 AND 1116**
**(On behalf of Plaintiff and the Class)**

~~80.~~53.  Plaintiff realleges and incorporates by reference ~~the foregoing allegations~~all prior paragraphs of this Complaint as if fully set forth herein.

~~81.~~54.  At all times pertinent hereto, the following Colorado statute was in effect:

**10-3-1115. Improper denial of claims – prohibited – definitions – severability.**

~~82.~~(1)   ~~(1)~~ (a)_____A person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant.

(b)  "First-party claimant" means an individual, corporation, association, partnership, or other legal entity asserting an entitlement to benefits owed directly to or on behalf of an insured under an insurance policy.

C.R.S. § 10-3-~~1116 provides~~1115(1)(a ~~remedy)~~-(b)(I).

EXHIBIT 1

83.55. A first-party claimant as defined above "whose claim for such denial or delay of paymentsbenefits has been unreasonably delayed or denied may bring an action in the form of "a district court to recover reasonable attorney fees, and court costs, and two times the covered benefit." C.R.S. § 10-3-1116(1).

84.56. Under C.R.S. §10-3-1115 and Colorado law interpreting this statute, "on behalf of anyPlaintiff is a first-party claimant" includes claims brought as defined by an insured's contractor. Section 10-3-1115(1)(b)(I).

85. State Farm unreasonably delayed or denied payment of insurance benefits by:

(1)57. failing to provide denying or delaying the payment of the reasonable, necessary, and actual funds to remove portions of damaged roof systems,amount it is obligated by the insurance policy to pay for tear-off of roofing materials where such State Farm acknowledges that removal of roofing materials is admittedly a covered benefit;under the policy.

(2)58. State Farm further unreasonably delayed or denied payment of insurance benefits by engaging in additional acts and omissions that may be discovered in the course of litigation.

86. State Farm unreasonably deniedAs a result, Plaintiff has been damaged and delayed payment in violation of C.R.S. §10-3-1115.

87.59. State Farm is subjectentitled to the provisions of C.R.S. §10-3-1116 for double damagesrecover reasonable attorneys' fees, court costs, and attorney fees.two times the covered benefit with regard to each and every claim.

### PLAINTIFF'S SECOND CLAIM FOR RELIEF
### UNJUST ENRICHMENT
### (On behalf of Plaintiff and the Class)

EXHIBIT 1

~~88.~~60.  Plaintiff realleges and incorporates by reference ~~the foregoing allegations~~all prior paragraphs of this~~ Complaint as if fully set forth herein.

~~89.~~61.  State Farm received the benefit of the difference between the demolition labor rate it paid and the skilled roofing labor ~~and demolition labor rates~~rate it should have paid for tear-off of roofing ~~material removal labor~~materials.

~~90.~~62.  State Farm's benefit was at the expense of Plaintiff and the Class.

~~91.~~63.  It would be unjust for State Farm to retain that benefit.

### PLAINTIFF'S THIRD CLAIM FOR RELIEF
### DECLARATORY JUDGMENTAND INJUNCTIVE RELIEF
### (On behalf of Plaintiff and the Class)

~~92.~~64.  Plaintiff realleges and incorporates by reference ~~the foregoing allegations~~all prior paragraphs of this~~ Complaint as if fully set forth herein.

~~93.~~65.  State Farm's ~~failure~~refusal to pay ~~for skilled~~the roofing labor rate for ~~removal~~tear-off of roofing material~~, instead paying~~ rather than the ~~lower~~ demolition labor rate~~,~~ is an unreasonable denial of a covered benefit and is a violation of C.R.S. §§ 10-3-1115 and -1116.

~~94.~~66.   Plaintiff seeks a declaratory judgment that State Farm's practice of denying payment to contractors for skilled roofing labor is a violation of ~~Colorado state law,~~ C.R.S. §§ 10-3-1115 and -1116.

~~95.~~67.  Plaintiff seeks a permanent injunction enjoining State Farm from continuing to engage in the unlawful practice.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray for relief against State Farm as follows:

~~a.Certifying~~1. Certification of this case as a class action, designating Plaintiff as Class Representative and his attorneys as Class Counsel;

EXHIBIT 1

b.Double damages2. Reasonable attorneys' fees, court costs, and reasonable attorney fees incurred in prosecuting this    actiontwo times the covered benefit with regard to each and every claim pursuant to C.R.S. § 10-3-1116;

c.An award of pre3. Pre- and post-judgment interest;

d.4. Costs and expenses;

e.5. A declaratioryn judgment that State Farm's failure to pay is unlawful;

f.6. Equitable and injunctive relief to Plaintiff and the Class, including a permanent injunction, restitution, disgorgement, and an accounting of all revenue gained by State Farm through its unlawful conduct; and

g.7. Such other and further relief as thise Court may deem just, equitable or proper.


**A JURY IS DEMANDED AS TO ALL ISSUES HEREIN.**

Respectfully submitted July October 11, 2021.


s/ Richard D. Daly
***Richard D. Daly***
Daly & Black, P.C.
John Scott Black
Melissa Waden Wray
2211 Norfolk Street, Suite 800
Houston, TXTexas 77098
Telephone: (713) . 655-.1405
Email: rdaly@dalyblack.com
        jblack@dalyblack.com
        mwray@dalyblack.com
Email: rdaly@dalyblack.com
        jblack@dalyblack.com
        mwray@dalyblack.com
        ecfs@dalyblack.com (service)


and

/s/ William C. Gray
***William C. Gray***
Gray LLC
Nathalie E. Sar

20

EXHIBIT 1

17 N. State St., Suite 1600
Chicago, ~~IL~~ Illinois 60602
Tel: 312.967.3653
~~Email: bgray@grayllclaw.com~~
        ~~nsar@grayllclaw.com~~
Email: bgray@grayllclaw.com
        nsar@grayllclaw.com

*Attorneys for Plaintiff*

EXHIBIT 1

## CERTIFICATE OF SERVICE

I certify that on October 11, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel:

Franklin D. Patterson
Hillary D. Patterson
PATTERSON RIPPLINGER, P.C.
5613 DTC Parkway, Suite 400
Greenwood Village, Colorado 80111
fpatterson@prpclegal.com
hpatterson@prpclegal.com
(303) 741-4539

Joseph A. Cancila
Jacob L. Kahn
RILEY SAFER HOLMES & CANCILA LLP
70 West Madison Street, Suite 2900
Chicago, Illinois 60602
jcancila@rshc-law.com
jkahn@rshc-law.com
(312) 471-8700

s/ Richard D. Daly
*Richard D. Daly*

EXHIBIT 1