**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:21-cv-01816-WJM-SKC

RTP ROOFING CO.,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

---

**PLAINTIFF'S REQUEST, IN THE ALTERNATIVE, FOR LEAVE TO REPLEAD
IN THE EVENT THE COURT DOES NOT DENY
DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
PURSUANT TO RULES 12(b)(1) AND 12(b)(6)**

---

    Pursuant to Practice Standard III(b), Plaintiff RTP Roofing Co., through its attorneys, Daly & Black, P.C., and Gray LLC, respectfully files its request in the alternative for leave to replead in the event the Court does not deny the motion to dismiss its first amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) filed by Defendant State Farm Fire and Casualty Company. In support of its request, RTP would respectfully show the Court the following:

    1.    This is a class action alleging violations of Colorado Revised Statutes §§ 10-3-1115 and -1116 and unjust enrichment. RTP seeks, among other things, declaratory judgment and injunctive relief.

2. State Farm moved to dismiss RTP's first amended complaint (the "Complaint") pursuant to Rules 12(b)(1) and 12(b)(6). (Dkt. # 22) RTP filed a response urging the Court to deny the motion. (Dkt. # 25)

3. To the extent the Court believes State Farm's motion is meritorious and finds re-pleading necessary and/or appropriate, RTP respectfully requests the opportunity to further amend its pleading.

4. Rule 15(a) provides that a court should allow a party to amend its pleading "when justice so requires." FED. R. CIV. P. 15(a). A district court has discretion to grant or deny an opportunity to amend, but the outright refusal to grant leave without any justifying reason is an abuse of discretion. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Such a refusal is generally only justified in the case of undue delay, undue prejudice to the opposing party, bad faith or a dilatory motive, failure to cure deficiencies by amendments the court has previously allowed, or futility. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1366 (10th Cir. 1993).

5. RTP has amended once as of right. (Dkt. # 15) The Court has never previously noted a deficiency in RTP's pleading and allowed amendment. *See Villalobos v. Vision Graphics, Inc./Eagle:xm Benefit Plan*, No. 18-cv-0251-WJM-NRN, 2019 WL 1098971, at *2 n.2 (D. Colo. Mar. 8, 2019) (Martinez, J.). No other justification for refusal of leave applies.

**PRAYER**

6. For these reasons, RTP respectfully requests that the Court, if it does not deny State Farm's motion to dismiss, grant RTP leave to further amend its pleading. RTP further requests all other relief to which it may show itself entitled.

Respectfully submitted November 18, 2021.


s/ Richard D. Daly
***Richard D. Daly***
Daly & Black, P.C.
John Scott Black
Melissa Waden Wray
2211 Norfolk Street, Suite 800
Houston, Texas 77098
Tel: 713.655.1405
Email: rdaly@dalyblack.com
         jblack@dalyblack.com
         mwray@dalyblack.com
         ecfs@dalyblack.com (service)

and

/s/ William C. Gray
***William C. Gray***
Gray LLC
Nathalie E. Sar
17 N. State St., Suite 1600
Chicago, Illinois 60602
Tel: 312.967.3653
Email: bgray@grayllclaw.com
         nsar@grayllclaw.com

*Attorneys for Plaintiff*

4

## CERTIFICATE OF SERVICE

      I certify that on November 18, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel:

Franklin D. Patterson
Hillary D. Patterson
PATTERSON RIPPLINGER, P.C.
5613 DTC Parkway, Suite 400
Greenwood Village, Colorado 80111
fpatterson@prpclegal.com
hpatterson@prpclegal.com
(303) 741-4539

Joseph A. Cancila
Jacob L. Kahn
RILEY SAFER HOLMES & CANCILA LLP
70 West Madison Street, Suite 2900
Chicago, Illinois 60602
jcancila@rshc-law.com
jkahn@rshc-law.com
(312) 471-8700


s/ Richard D. Daly
*Richard D. Daly*