**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| RTP ROOFING CO., <br><br> Plaintiff, <br><br> v. <br><br> STATE FARM FIRE AND CASUALTY COMPANY, <br><br> Defendant. | Case No. 1:21-cv-01816-WJM-SKC <br><br> Hon. William J. Martinez <br><br> Hon. S. Kato Crews |

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S
REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
<u>PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

Franklin D. Patterson
Hillary D. Patterson
PATTERSON RIPPLINGER, P.C.
5613 DTC Parkway, Suite 400
Greenwood Village, Colorado 80111
fpatterson@prpclegal.com
hpatterson@prpclegal.com
(303) 741-4539

Joseph A. Cancila
Jacob L. Kahn
RILEY SAFER HOLMES & CANCILA LLP
70 West Madison Street, Suite 2900
Chicago, Illinois 60602
jcancila@rshc-law.com
jkahn@rshc-law.com
(312) 471-8700

*Counsel for Defendant State Farm Fire and Casualty Company*

**TABLE OF CONTENTS**

Page

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ................................................................................................................................ 1

I.      RTP Does Not Have Standing to Pursue Its Claims. ............................................................. 1

        A.      Injury in Fact is Not Assumed for Statutory Claims................................................ 1

        B.      RTP Has Not Demonstrated Injury in Fact.............................................................. 2

        C.      State Farm's Policy Does Not Eliminate the Injury-in-Fact Requirement. ............. 5

        D.      RTP Has Not Established Standing Through State Farm's Policyholders. ............ 6

II.     RTP's Claims Also Fail Under Rule 12(b)(6). ..................................................................... 7

        A.      RTP Has Not Alleged a Plausible Claim Under Colorado's Bad-Faith Statute. .... 7

        B.      RTP Cannot Seek Injunctive or Declaratory Relief for Additional Reasons.......... 9

        C.      RTP's Unjust-Enrichment Claim Should Likewise Be Dismissed........................ 10

CONCLUSION ............................................................................................................................ 10

## INTRODUCTION

To defeat State Farm's fact-based standing challenge under Rule 12(b)(1), RTP needed to make the requisite showing that it was injured *in fact*—not just in theory—by State Farm's alleged conduct. Yet RTP provides no evidence that its costs exceeded what State Farm paid its insureds (who then paid RTP) nor any other evidence of actual injury. RTP instead focuses on the theoretical nature of its injury and the unsupported suggestion that State Farm—with whom it had no contractual or other relationship—somehow forced RTP to underestimate roofing tear-off costs for RTP's own customers. Because RTP has not been injured, its lawsuit is an improper request for an advisory opinion from this Court. Moreover, RTP has failed to state a plausible claim for relief under Rule 12(b)(6). The Amended Complaint should be dismissed with prejudice.

## ARGUMENT

### I.   **RTP Does Not Have Standing to Pursue Its Claims.**

The evidence State Farm submitted with its Rule 12(b)(1) Motion (Dkt. 22) demonstrated that RTP did not suffer actual, concrete injury from State Farm's alleged wrongful conduct on any of the three claims from the Amended Complaint. *See* Mot. at 3-7. RTP fails to rebut this evidence, and its various arguments to avoid its burden of demonstrating such an injury are without merit.

#### A.   **Injury in Fact is Not Assumed for Statutory Claims.**

First, RTP erroneously contends that it need not demonstrate an injury in fact because Colorado's bad-faith statute purportedly does not require proof of damages. *See* Dkt. 25 (the "Opposition" or "Opp.") ¶¶ 7, 29. RTP's argument confuses the requirements of Article III standing with the elements of a claim under Colorado's bad-faith statute. There surely is no exception from the injury-in-fact requirement under Article III for cases involving claims under a

state statute where actual damage is not a required element. Even if RTP could establish that State Farm violated Colorado's bad-faith statute by denying or delaying payment of covered benefits for the three claims at issue (and it cannot), that statutory violation would not automatically confer Article III standing on RTP. As the Supreme Court explained earlier this year, it is inappropriate to simply *assume* injury in fact—as RTP has done—based on such an alleged violation:

> For standing purposes, . . . an important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law. . . . Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue . . . in federal court.

*TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021).

RTP's reliance on the Colorado Appellate Court's decision in *Hansen v. American Family Mutual Insurance Co.*, 383 P.3d 28 (Colo. App. 2013), *see* Opp. ¶ 7, is misplaced for this reason. While the court in *Hansen* considered whether damages must be shown under the bad-faith statute, *see* 383 P.3d at 37-38, it did not address (and had no need to address) the standing requirements for suing in federal court.[1] But other courts have done so. They hold that, regardless of any alleged statutory violation, the plaintiff must establish that it was *in fact* harmed by the alleged wrongful conduct. *See* Mot. at 3-4 (discussing the preponderance of evidence standard that RTP must meet).

**B.    RTP Has Not Demonstrated Injury in Fact.**

RTP next contends that it has established injury in fact through the declaration of one of its owners, Scott Ponzio. *See* Opp. at 4 n.1, ¶¶ 20-22. Not so. Mr. Ponzio's declaration merely parrots the same generic allegations that appear in the Amended Complaint, namely, that: (i) RTP

---

[1] The same is true of the Colorado Appellate Court's decision in *Vaccaro v. American Family Insurance Group*, 275 P.3d 750 (Colo. App. 2012), on which RTP also relies, *see* Opp. ¶ 29.

purportedly pays its roofers the same wage to tear off and to install roofing material; (ii) State Farm's estimates purportedly use a lower labor rate for roofing tear-off than for roofing installation; and (iii) RTP had supposed prior discussions with State Farm regarding claims *other than* the claims in the Amended Complaint and was allegedly told that State Farm "does not pay the roofing labor rate" for removal work. Opp., Exh. 1, ¶¶ 8-11. These generic assertions are not enough to satisfy the preponderance of evidence standard required under Rule 12(b)(1).[2]

More specifically, none of RTP's assertions, separately or collectively, demonstrates that it suffered actual, concrete harm as a result of State Farm's alleged conduct. RTP has presented no evidence showing that State Farm's estimates had any bearing on RTP's actual costs. For example, RTP has not shown that the estimates somehow forced RTP to use the same workers for removal and installation work or to pay its workers the same wage for both tasks. Similarly, RTP has not shown that it was forced to simply adopt State Farm's estimates (nor did it, *see* Mot. at 7 n.8). RTP has not even shown that it prepared different estimates for other insurers, that its estimates were different for customers not making insurance claims, or that it was forced to accept less money as payment for the three roof replacements here than what Colorado consumers pay on average.

And, importantly, as to the three (and only three) claims identified in the Amended Complaint, RTP has not shown that either (i) its actual costs for roofing tear-off work were higher than the amounts shown on its own estimates, or (ii) the costs it actually charged to its customers

---

[2] In fact, the same generic allegations appear almost *verbatim* in the complaints RTP's counsel has filed against other Colorado insurers. *See RTP Roofing Co. v. Travelers Cos., Inc.*, No. 1:21-cv-1747 (D. Colo.), Dkt. 19 ¶¶ 6, 24-25; *Advanced Exteriors, Inc. v. Allstate Vehicle & Prop. Ins. Co.*, No. 1:21-cv-1539 (D. Colo.), Dkt. 22 ¶¶ 7, 23-24; *Advanced Exteriors, Inc. v. Liberty Mut. Grp., Inc., et al.*, No. 1:21-cv-1814 (D. Colo.), Dkt. 30, ¶¶ 6, 37-38; *Advanced Exteriors, Inc. v. United Servs. Auto. Ass'n, et al.*, No. 1:21-cv-1817 (D. Colo.), Dkt. 22 ¶¶ 6, 22-23.

for the work exceeded those estimated amounts.[3] If RTP truly was injured on these claims, then this was its final opportunity to make the requisite showing.[4] RTP did not do so; instead, it effectively acknowledged that it was compensated in full for the costs of the roofing removal work.

The Court should reject RTP's theoretical injury argument. As State Farm explained in its Motion, RTP's theory rests on a series of highly attenuated, hypothetical events: *if* State Farm had not (purportedly) convinced RTP that it would never pay a higher labor rate for roofing tear-off, then RTP *might have* charged a higher rate for the claims in the Amended Complaint; and *if* the insureds had still chosen to use RTP over a different roofer despite the higher estimate, then RTP *might have* been paid more. That is not an actual, concrete injury under Article III. Moreover, RTP has not even shown that it was entitled to any money its customers received from State Farm. The contract RTP attached to its brief certainly includes no such language. *See* Opp. at Exh. 1-A.

Courts within the Tenth Circuit do not give the benefit of the doubt (much less on the basis of such an attenuated, hypothetical theory) to a plaintiff faced with a fact-based standing challenge. Rather, they demand strict proof of any asserted injury. *See* Mot. at 4 (discussing *Wyo. v. U.S. Dep't of Interior*, 674 F.3d 1220, 1232-35 (10th Cir. 2012), and *Infant Swimming Rsch., Inc. v.*

---

[3] While RTP does vaguely suggest that the costs listed on its estimates were "*not necessarily* indicative of the amount charged or owed for the work performed," Opp. ¶ 24 (emphasis added), this unsupported assertion does not satisfy the preponderance of the evidence standard that RTP must meet in response to State Farm's fact-based standing challenge. Moreover, RTP's suggestion that it may have charged customers a different labor rate than the one from its estimates is also contrary to Colorado law. *See* COLO. REV. STAT. § 6-22-103(1)(c) (requiring roofing contracts to list the "approximate costs of the services based on damages known at [that] time").

[4] Although RTP has filed a "conditional" motion for leave to replead, RTP has not explained what it would add through yet *another* amendment, and it declined State Farm's invitation to discuss the issue further. *See* Dkt. 31; November 29, 2021 emails, attached as Exh. A hereto. State Farm will file an opposition to the motion by the deadline set under D.C.COLO.LCivR 7.1(d).

*Faegre & Benson, LLP*, 335 F. App'x 707, 714 (10th Cir. 2009)). RTP falls well short of the required factual showing in this case.

### C. State Farm's Policy Does Not Eliminate the Injury-in-Fact Requirement.

In another unavailing attempt to avoid its burden under Article III, RTP argues that State Farm's policy eliminates the need for actual injury. *See* Opp. ¶¶ 25-31. Specifically, RTP contends that the actual repair costs incurred by insureds (and paid to RTP) are irrelevant because the policy provides for payment of "actual cash value" *before* repairs are done. *See id.* In effect, RTP claims that the mere listing of a price on State Farm's estimates is sufficient to establish RTP's injury (even though the estimates are given to State Farm's insureds, not to RTP) if RTP can somehow show that the prices listed should have been higher. This argument should be summarily rejected.

First, the mere fact that a single line-item entry on a repair cost estimate is allegedly priced too low does not, on its own, establish actual injury.[5] Second, RTP's argument is based on a stark misreading of State Farm's policy. While RTP declares that "[n]othing in the policy limits actual cash value to what the insured actually spends to repair the damage," Opp. ¶ 28 (emphasis omitted), in fact, the policy's loss-settlement provision does that expressly: "until actual repair or replacement is completed, we will pay only the actual cash value of the damaged part of the property, . . . **not to exceed the cost to repair or replace [that] part of the property**." Mot. at 1 (quoting Dkt. 22-1, Exh. 1-K at 22) (emphasis added). As numerous courts have recognized, where an insurance policy contains similar language, actual repair costs serve as "an upper limit on . . . the insurer's liability." *Elberon Bathing Co. v. Ambassador Ins. Co.*, 389 A.2d 439, 441-42

---

[5] The Illinois Supreme Court rejected this theory in a case that State Farm cited—but RTP ignores. *See* Mot. at 6 (citing *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 830-32 (Ill. 2005)).

(N.J. 1978); *see also, e.g.*, *Weidman v. Erie Ins. Grp.*, 745 N.E.2d 292, 295, 297-98 (Ind. Ct. App. 2001) (holding that if an insured has completed repairs, then under similar language, he may not recover more than his actual repair costs, including for "actual cash value").[6]

Third, RTP's argument is entirely divorced from its theory of injury as set forth in the Amended Complaint. That pleading says nothing about pre-repair "actual cash value," but rather alleges (but again without any actual proof) that the higher cost RTP supposedly incurs when *actually completing* roofing removal work justifies payment of higher labor rates. *See* Dkt. 15 ¶¶ 4-6, 8-9. And indeed, RTP pointed to three supposedly illustrative claims where the insureds sought and received replacement cost benefits after the work was completed. *See* Mot. at 5-6.

Under the plain meaning of State Farm's policy, there can be no injury to RTP where an insured has received their full cost to repair and has paid RTP that amount to do the work.[7]

### D. RTP Has Not Established Standing Through State Farm's Policyholders.

Finally, because RTP cannot demonstrate an injury in its own right, it says it has standing to sue for the insureds on each claim. *See* Opp. ¶ 33. But establishing such standing would require proof *both* that the insureds themselves were injured in fact *and* that RTP was legally standing in their shoes (*e.g.*, was authorized to do so by assignment). RTP has made neither showing here.

On the contrary, State Farm's insureds here were paid their incurred costs for roofing tear-

---

[6] RTP's reliance on *Central Mutual Insurance Co. v. White Stone Properties, Ltd.*, Opp. ¶ 28, is misplaced, for the court there also held that an insured who has received their full cost to repair is not entitled to further payment, *see* 2014 WL 1092121, at *10 (W.D. Tex. Mar. 19, 2014).

[7] RTP's speculation about what might happen if it is found to lack standing—*i.e.*, that State Farm might intentionally underestimate claims and "hope it slips by," Opp. ¶ 30—is both unfounded and irrelevant. The only question here is whether RTP was in fact injured by a specific, alleged practice, not whether RTP can create further, unrealistic scenarios in which an insured (but not RTP) might be able to assert a claim for bad faith.

off, and RTP was not acting pursuant to an assignment on any of those claims. *See* Mot. at 5-7. RTP asserts that "an assignment is not required," Opp. ¶ 33, but that just begs the question of what facts RTP has marshaled to demonstrate that it is legally authorized and entitled to assert another person's claims. And the answer to that question—nothing beyond the mere fact that RTP worked as a contractor for State Farm's insureds—highlights the problem with this case. RTP is not seeking an adjudication of the "rights of individuals," *TransUnion*, 141 S. Ct. at 2203 (citation omitted), but rather is seeking advisory opinions that (1) a roofer can charge more money for tear-off of a roof than the roofer has charged in the past, and State Farm is obligated to pay such increased charges (thereby enabling the roofer to earn additional profits on each roof replacement it performs); and (2) *any* roofing contractor who worked on an insurance loss can sue under Colorado's bad-faith statute based on the hypothetical injury described in the Amended Complaint. The "federal courts do not issue advisory opinions." *Id.* Thus, RTP's lawsuit must be dismissed.

## II.     RTP's Claims Also Fail Under Rule 12(b)(6).

### A.     RTP Has Not Alleged a Plausible Claim Under Colorado's Bad-Faith Statute.

State Farm demonstrated in its Motion that RTP had failed to plausibly allege *any* of the requisite elements under Colorado's bad-faith statute. RTP focuses on the "first-party claimant" element in its opposition, but does little more than assert that its claims necessarily survive under the Colorado Appellate Court's decision in *Kyle W. Larson Enterprises, Inc. v. Allstate Insurance Co.*, 305 P.3d 409 (Colo. App. 2012) ("*Larson*"). *See* Opp. ¶¶ 38-46. Here, too, RTP is wrong.

While RTP now argues (though it never alleged) that it is acting "on behalf of" State Farm insureds, the sole justification it offers for meeting the statutory definition of "first-party claimant" is the vague assertion that RTP "falls within [the] purview" of the court's holding in *Larson*. Opp.

¶ 44. Importantly, however, the court in *Larson* did not hold that <u>any</u> contractor claiming to act "in the interest of; as the representative of; [or] for the benefit of" an insured qualifies as a "first-party claimant." *Id.* Instead, it held that the contractor *there* "m[et] the statutory criteria for a 'first-party claimant'" because the insureds had "authorized" the contractor to assert claims on their behalf and thereby "relieved the insureds of any obligation to assert the claims themselves." 305 P.3d at 411-12 (construing Section 1115(1)(b) "to include vendors . . . *who are authorized to assert, and do assert*, claims on behalf of insureds" (emphasis added)). The *Larson* court's construction of the bad-faith statute is therefore consistent with the representative-capacity requirement inherent in its text. *See* Mot. at 8-9 (explaining how the statute permits either the insured or the person proceeding "on behalf of [the] insured" to bring suit, but not both).

RTP identifies no allegations from its complaint that satisfy the "first-party claimant" requirement. To be sure, RTP does declare—without explanation—that it has "allege[d] sufficient facts" in its Amended Complaint. Opp. ¶ 46 (pointing to "paragraphs 10-18" of its brief).[8] But the allegations to which RTP makes cursory reference are insufficient. They do not assert that RTP was authorized by the insureds to sue on their behalf, as in *Larson*. Nor do they suggest that RTP is otherwise acting as their binding representative. RTP therefore is not a first-party claimant.[9]

RTP offers a similarly fleeting defense of its claim that State Farm purportedly denied or

---

[8] Arguments "presented in [such] a perfunctory and conclusory fashion" are forfeited. *United States v. Gordon*, 710 F.3d 1124, 1150 (10th Cir. 2013); *see also Bonbeck Parker, LLC v. Travelers Indem. Co. of Am.*, No. 1:14-cv-02059, 2020 WL 533733, at *8 (D. Colo. Feb. 3, 2020) (deeming waived an argument "consist[ing] of one sentence . . . and no analysis").

[9] While RTP suggests that the specific holding in *Larson* is inapplicable because the court there addressed "evidence" rather than allegations, RTP neglects that, under Rule 12(b)(6), it must still allege specific facts at this time that plausibly support its claims. RTP does not provide any.

-8-

delayed insurance payments. Rather than address the deficiencies in the Amended Complaint that State Farm highlighted in its Motion, *see* Mot. at 10-13, RTP simply points to its pleading and proclaims, without analysis, that the allegations therein are sufficient. Opp. ¶ 47. They are not.

Finally, RTP argues that its statutory claim cannot be dismissed because it concerns the "reasonableness" of insurance payments, and "reasonableness" is a jury issue. Opp. ¶ 48. But RTP cannot avoid a Rule 12 dismissal simply by declaring conduct "unreasonable." RTP must allege "*facts* from which [the Court] may . . . infer" that element of its claim. *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (emphasis added). RTP has alleged no such facts here. *See* Mot. at 13. Instead, the facts it has alleged support the opposition conclusion: that State Farm's purported conduct was consistent with standard practices in the insurance industry. *Id.* As a result, RTP's statutory claim and its requests for declaratory and injunctive relief should all be dismissed.

### B. RTP Cannot Seek Injunctive or Declaratory Relief for Additional Reasons.

As State Farm previously explained, RTP's request for injunctive relief should also be dismissed because (i) it is not a standalone claim, and (ii) there are no allegations of a real and immediate threat of injury. Mot. at 14. In response, RTP argues that it alleged "continuous" and "ongoing" misconduct. Opp. ¶ 52 (citing Dkt. 15 ¶¶ 8-10, 20-23, 27, 64-66). But those words do not appear in the cited paragraphs or anywhere else in the Amended Complaint. Moreover, there are no allegations showing an immediate threat of future injury *to RTP*. *See Buchwald v. Univ. of N.M. Sch. of Med.*, 159 F.3d 487, 494 (10th Cir. 1998). Thus, injunctive relief is improper.

As to RTP's request for declaratory judgment, dismissal is appropriate because, in addition to the reasons set forth above, the declaratory judgment claim addresses the same issues raised by other claims. *See* Mot. at 14. RTP offers no response to State Farm's arguments. Instead, RTP

confirms that it seeks the same relief in its declaratory judgment claim—a finding that State Farm violated the bad-faith statute—that it already seeks in its statutory claim. *See* Opp. ¶ 52. That concession alone warrants dismissal of the declaratory judgment claim.

### C. RTP's Unjust-Enrichment Claim Should Likewise Be Dismissed.

State Farm demonstrated in its Motion that RTP's unjust-enrichment claim should be dismissed both because (i) an express contract (the insurance policy) covers the same subject matter addressed by the claim, and (ii) RTP did not confer any benefit on State Farm. Mot. at 14-15. In response, RTP acknowledges that an insurance policy would normally bar any claim for unjust enrichment but contends that the policy does not bar its claim in this case because it has no ability to enforce the insurance contract. Opp. ¶ 53. RTP's concession is fatal to its claim. In particular, the only purported "benefit" that RTP claims to have conferred upon State Farm is the money State Farm supposedly saved by not paying the "difference in . . . labor rate[s]" when it paid benefits due *under the policy*. But because RTP concedes that it is a stranger to and cannot enforce State Farm's policy, it necessarily could not have conferred any benefits to State Farm under the policy.[10] As a result, RTP's unjust-enrichment claim should also be dismissed.

### CONCLUSION

RTP has now made two attempts at an adequate pleading, both times after conferring with State Farm, and the second time after seeing State Farm's dismissal briefing. Both attempts have fallen short. RTP still has not shown that it has standing and has not stated any plausible claims for relief in any event. This action should be dismissed with prejudice.

---

[10] Indeed, courts have "repeatedly" held that providers cannot sue insurers for unjust enrichment based on "services [the providers] rendered to insureds." *MC1 Healthcare, Inc. v. United Health Grp.*, No. 3:17-cv-1909, 2019 WL 2015949, at *10 (D. Conn. May 17, 2019) (collecting cases).

Dated:  December 9, 2021					Respectfully submitted,

/s/   *Jacob L. Kahn*

Franklin D. Patterson
Hillary D. Patterson
PATTERSON RIPPLINGER, P.C.
5613 DTC Parkway, Suite 400
Greenwood Village, Colorado  80111
fpatterson@prpclegal.com
hpatterson@prpclegal.com
(303) 741-4539

Joseph A. Cancila
Jacob L. Kahn
RILEY SAFER HOLMES & CANCILA LLP
70 West Madison Street, Suite 2900
Chicago, Illinois  60602
jcancila@rshc-law.com
jkahn@rshc-law.com
(312) 471-8700

*Counsel for Defendant State Farm Fire and Casualty Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of December, 2021, I electronically filed the foregoing DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/   *Jacob L. Kahn*