**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

RTP ROOFING CO.,

        Plaintiff,

   v.

STATE FARM FIRE AND CASUALTY
COMPANY,

        Defendant.

Case No. 1:21-cv-01816-WJM-SKC

Hon. William J. Martinez

Hon. S. Kato Crews

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S
OPPOSITION TO PLAINTIFF'S REQUEST,
<u>IN THE ALTERNATIVE, FOR LEAVE TO REPLEAD</u>**

Franklin D. Patterson
Hillary D. Patterson
PATTERSON RIPPLINGER, P.C.
5613 DTC Parkway, Suite 400
Greenwood Village, Colorado 80111
fpatterson@prpclegal.com
hpatterson@prpclegal.com
(303) 741-4539

Joseph A. Cancila
Jacob L. Kahn
RILEY SAFER HOLMES & CANCILA LLP
70 West Madison Street, Suite 2900
Chicago, Illinois 60602
jcancila@rshc-law.com
jkahn@rshc-law.com
(312) 471-8700

*Counsel for Defendant State Farm Fire and Casualty Company*

## INTRODUCTION

RTP has had multiple opportunities to craft an adequate complaint in this case—including after learning the specifics of State Farm's dismissal arguments through both meet-and-confer discussions and the motion papers filed by State Farm in response to RTP's original complaint. As demonstrated in State Farm's motion to dismiss RTP's amended complaint, *see* Dkt. Nos. 22, 33, RTP has failed to cure the deficiencies in its pleading. Now, after seeing State Farm's latest round of briefing, RTP has asked the Court for still *another* opportunity to replead. However, RTP's request is only conditional. RTP wants another opportunity to craft a claim that can survive a motion to dismiss *only if* the Court decides to grant State Farm's motion. In other words, RTP is not requesting leave to replead to assert something specific; it merely seeks an opportunity to create a new theory if the Court decides the complaint should be dismissed. RTP provides no explanation of how it intends to cure the shortcomings State Farm has identified. RTP's "in the alternative" motion fails to comply with this Court's local rules. And it does not pass muster under Rule 15 of the Federal Rules of Civil Procedure. If RTP had a sound basis to replead yet again, it should have stated it (and should have advised State Farm of it previously as part of State Farm's legitimate attempt to confer) without the need to replead being tied to whether the Court decides its amended complaint survives dismissal. RTP's motion requesting conditional leave to replead should be denied.

## BACKGROUND

RTP filed its original complaint in this action in July 2021. Dkt. No. 1. On September 17, pursuant to Section III.D.1 of this Court's Practice Standards, counsel for State Farm contacted counsel for RTP and explained the bases for State Farm's intended motion to dismiss the

complaint. After RTP's counsel indicated that the intended motion raised only legal issues that must be resolved by the Court, State Farm filed its motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. No. 14. Instead of responding to the legal issues State Farm raised, however, RTP filed an amended pleading pursuant to Federal Rule of Civil Procedure 15(a). Dkt. No. 15; *see also* Dkt. No. 21.

On October 25, State Farm's counsel again reached out to RTP's attorneys to discuss State Farm's planned motion to dismiss, this time concerning the amended complaint. After that discussion, RTP's counsel again indicated that briefing would be necessary to address the issues State Farm intended to raise in that motion. *See* Dkt. No. 22 at 1. State Farm filed the motion to dismiss the amended complaint. Dkt. No. 22. RTP did file a response to State Farm's dismissal motion. Dkt. No. 25. On the same day, however, and without attempting to confer with State Farm in advance as required by D.C.COLO.LCivR 7.1(a), RTP also filed a motion for leave to file yet another amended complaint "in the event the Court does not deny the motion to dismiss," Dkt. No. 26 at 1. RTP did not attach to its motion for leave any proposed amendments to its current complaint or otherwise describe how it intended to (further) revise its pleading.

After the Court struck RTP's motion for its counsel's failure to confer with State Farm in advance of filing, Dkt. No. 27, RTP's counsel contacted counsel for State Farm about the request to replead. As part of attempting to confer, State Farm's counsel indicated that it would need to know what the proposed amendment would be if allowed. RTP still did not explain what it proposed to add through an additional amendment, and it declined State Farm's invitation to discuss the issue further. *See* Dkt. No. 33-1. RTP simply re-filed its motion for leave to replead,

once more conditioned on the Court's "not deny[ing] State Farm's motion to dismiss," and once more omitting the inclusion or discussion of any proposed amendments. Dkt. No. 31 ¶ 6.

## ARGUMENT

RTP's unsupported, conditional request to replead should be rejected. The Local Rules for this Court establish a simple but strictly enforced procedure for any party filing an opposed motion for leave to amend: the party "*shall attach as an exhibit a copy of the proposed amended . . . pleading*" showing "the text to be deleted and . . . added." D.C.COLO.LCivR 15.1(b) (emphasis added).[1] RTP has failed to comply with this rule. Moreover, its generalized appeal to "justice" does not constitute good reason to amend under Rule 15 of the Federal Rules of Civil Procedure. The Federal Rules, this Court's local rules, and "justice" support denial of RTP's conditional motion for leave to replead.

The procedures required under Local Rule 15.1(b) are consistent with longstanding Tenth Circuit precedent holding that a "proper" motion for leave to amend "must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment." *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1185-87 (10th Cir. 1999). The motion must include either "a proposed amended complaint or a detailed description of proposed amendments," with any proposed additional facts outlined "in sufficient detail to satisfy *Iqbal* and [*Twombly*]." *Requena v. Roberts*, 893 F.3d 1195, 1206 (10th Cir. 2018). This notice requirement "assures" that district courts are not forced "to engage in independent research or read the minds of litigants to

---

[1] Courts within this District have consistently required compliance with the procedures set forth in Local Rule 15.1(b). *See, e.g.*, *Goodrich v. Alterra Mountain Co.*, No. 20-cv-1057, 2021 WL 2633326, at *15 (D. Colo. June 25, 2021) (denying leave to amend); *Dorn v. Avery*, No. 20-cv-1883, 2020 WL 12432733, at *2 (D. Colo. Sept. 15, 2020) (striking amended complaints filed without leave of court and explaining the requirements for motions for leave to amend).

determine if information justifying an amendment exists." *Calderon*, 181 F.3d at 1187 (quoting *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994)). It likewise avoids prejudicing the opposing party, who must be permitted to fairly respond to the requested relief. *See id.* at 1186. Requiring "[a]nything less simply invites a merry-go-round ride," with endless attempts by the movant to search for a plausible claim for relief. *Requena*, 893 F.3d at 1206 (internal quotation marks omitted).

RTP's threadbare request for leave to amend does not provide sufficient notice to the Court or to State Farm as required under Local Rule 15.1(b) or Tenth Circuit precedent. RTP has not attached to its motion any proposed amendments, as required by the local rule. Nor has RTP attached a redlined copy of the proposed amended pleading as compared to the current version of the complaint, as required by the local rule and Section III.E of this Court's Practice Standards. RTP's motion also contains no discussion of any allegations that RTP might revise or any new allegations that RTP might add should the Court grant State Farm's motion to dismiss. Indeed, from reading RTP's motion, it is unclear whether RTP even *has* anything to add to its amended complaint.

Despite its failure to comply with this Court's rules and Tenth Circuit precedent, RTP asserts that leave to amend should now be given under Rule 15(a) of the Federal Rules of Civil Procedure because "justice" supposedly "so requires." Dkt. No. 31 ¶ 4 (quoting Fed. R. Civ. P 15(a)). RTP's argument fails. While Rule 15 does generally provide for "[t]he liberal granting of motions for leave to amend," the policy underlying that rule "is not limitless." *Calderon*, 181 F.3d at 1186. If the plaintiff fails to explain *what* allegations it intends to add and *why* those allegations will fix the deficiencies, then leave to amend should be denied. *See, e.g.*, *Sullivan v. Univ. of Kan.*

*Hosp. Auth.*, 844 F. App'x 43, 52 (10th Cir. 2021) (rejecting "perfunctory, conditional requests" to amend as deficient under Rule 15).

The fact that RTP has already amended its complaint once also weighs heavily against its contention that "justice" would be served by allowing a further amendment. In particular, it is well-established that leave to amend may properly be denied where the plaintiff has already had a "sufficient opportunity to state a claim and failed," or the plaintiff knew "or should have known of the facts upon which the proposed amendment is based but fail[ed] to include them" in an earlier pleading. *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)). Here, RTP has always been in possession of the facts underlying its purported claims. And it has already had two chances to try to generate an adequate pleading from those facts, including after conferring with State Farm's counsel about the nature of its intended dismissal arguments and seeing State Farm's motion to dismiss in full. If RTP believed that it could cure any of the deficiencies identified by State Farm, the time to do so has come and gone.[2] A third opportunity—without any indicia of "just how [RTP] intend[s] to fix" that pleading—would not serve justice but would controvert it. *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (affirming a dismissal with prejudice where a prior attempt to cure deficiencies in the complaint "had not done the job").

---

[2] Indeed, the purpose of this Court's meet-and-confer requirement for motions to dismiss is to determine if any deficiencies "can be corrected by amendment" *before* such a motion is filed, Practice Standard III.D.1—thus avoiding precisely the kind of serial amendments that RTP now wrongly asks the Court to endorse. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (noting that "[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target") (citation and internal quotation marks omitted).

At bottom, RTP offers no more than a plea that it "should be allowed to amend if the court concludes[s]" that its pleadings are "infirm." *Garman v. Campbell Cnty. Sch. Dist. No. 1*, 630 F.3d 977, 986 (10th Cir. 2010). Such a request is plainly "insufficient." *Id.*

**CONCLUSION**

State Farm respectfully requests that RTP's conditional motion for leave to further amend its complaint be denied.

Dated:  December 21, 2021

Respectfully submitted,

/s/   *Jacob L. Kahn*

Franklin D. Patterson
Hillary D. Patterson
PATTERSON RIPPLINGER, P.C.
5613 DTC Parkway, Suite 400
Greenwood Village, Colorado  80111
fpatterson@prpclegal.com
hpatterson@prpclegal.com
(303) 741-4539

Joseph A. Cancila
Jacob L. Kahn
RILEY SAFER HOLMES & CANCILA LLP
70 West Madison Street, Suite 2900
Chicago, Illinois  60602
jcancila@rshc-law.com
jkahn@rshc-law.com
(312) 471-8700

*Counsel for Defendant State Farm Fire and Casualty Company*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 21st day of December, 2021, I electronically filed the foregoing DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S OPPOSITION TO PLAINTIFF'S REQUEST, IN THE ALTERNATIVE, FOR LEAVE TO REPLEAD with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/   *Jacob L. Kahn*