# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

RTP ROOFING CO.,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

Case No. 1:21-cv-01816-WJM-SKC

Hon. William J. Martinez

## DECLARATION OF JACOB L. KAHN

I, Jacob L. Kahn, hereby declare:

1. I am an attorney at Riley Safer Holmes & Cancila LLP and one of the counsel of record for Defendant State Farm Fire and Casualty Company in this matter. I submit this declaration in support of State Farm's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6).

2. I am over 18 years of age and competent to make this declaration. If called to testify as a witness in this matter, I could and would testify truthfully to the statements in this declaration.

3. On July 21, 2021, I contacted William Gray, counsel for Plaintiff RTP Roofing Co., to request that Plaintiff provide the State Farm claim numbers for the three structural-damage insurance claims referenced in Plaintiff's complaint.

4. Mr. Gray provided the requested claim numbers to me, by e-mail, on July 23, 2021: 06-9711-J86, 06-B397-3M4, and 06-9744-H37.

5. Attached as Exhibit A is a true and correct copy of the transcript from the August 1, 2018 Directed Verdict Ruling in *Sauter v. State Farm Fire and Casualty Company*, No. 17-cv-33275 (Dist. Ct., Cnty. of Denver).

-1-

-2-

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on September 20, 2021, in Chicago, Illinois.

_____
Jacob L. Kahn

# EXHIBIT A

*Patrice Fujisaki Sauter vs.*

*State Farm Fire and Casualty Company*

---

*Transcript of Proceedings - Directed Verdict Ruling*

*August 01, 2018*

---



STEVENS−KOENIG REPORTING

700 17th Street, Suite 1750
Denver, Colorado 80202
Phone: 303.988.8470

Page 1

```
 1   DISTRICT COURT, COUNTY OF DENVER
     STATE OF COLORADO
 2
     Court Address:
 3   1437 Bannock Street
     Denver, Colorado  80202          ^ COURT USE ONLY ^
 4   _____
 5   PATRICE FUJISAKI SAUTER,         Case No: 17CV33275
                                      Courtroom:   424
 6           Plaintiff,
 7   vs.
 8   STATE FARM FIRE AND CASUALTY COMPANY,
 9           Defendant.
     _____
10
                    TRANSCRIPT OF PROCEEDINGS
11
           RULING ON DEFENDANT'S MOTION OF DIRECTED VERDICT
12
                         August 1, 2018
13
     _____
14
15         The following proceedings taken in the above
16   matter commenced on Wednesday, August 1, 2018, before The
17   Honorable Martin F. Egelhoff, Judge of the District Court,
18   at Denver District Court, 1437 Bannock Street,
19   Courtroom 424, Denver, 80202.  Deanna Baysinger, a
20   Registered Professional Reporter and Notary Public in and
21   for the State of Colorado, in attendance.
22
23
24
25
```

Page 2

```
 1   APPEARANCES:
 2   ON BEHALF OF THE PLAINTIFF:
             ROBERT DALY, ESQ.
 3           JOHN SCOTT BLACK, ESQ.
             Daly & Black, P.C.
 4           2211 Norfolk Street, Suite 800
             Houston, Texas  77098
 5           Phone:  713-655-1405
             Email:  rdaly@dalyblack.com
 6           Email:  jblack@dalyblack.com
 7
     ON BEHALF OF THE DEFENDANT:
 8           FRANKLIN D. PATTERSON, ESQ.
             HILLARY D. PATTERSON, ESQ.
 9           Frank Patterson & Associates, P.C.
             5613 DTC Parkway, Suite 400
10           Greenwood Village, Colorado  80111
             Phone:  303-741-4539
11           Email:  fpatterson@frankpattersonlaw.com
             Email:  hpatterson@frankpattersonlaw.com
12
```

Page 3

1  P R O C E E D I N G S
2  THE COURT: Thank you. All right. So before
3  the Court is a Motion For Directed Verdict.
4  The standard is Courts are obligated to apply
5  and view in the light most favorable to the Plaintiff, is
6  there basically prima fascia evidence sufficient for the
7  jury to decide the claims here.
8  This is -- this is an issue which I've been
9  struggling with and thinking about for -- to be honest with
10  you, for a very long time.
11  Certainly -- well, the Court was presented
12  with these issues, or at least these related issues, by way
13  of a Motion For Summary Judgment a couple of months ago
14  where the issue with respect to the Plaintiff's standing and
15  the legal authority to proceed was the issue, and I issued a
16  written order with respect to that motion and, of course,
17  the order is part of the Court file and speaks for itself.
18  But there were certain facts that led the
19  Court to conclude that the Plaintiff didn't have the
20  standard to assert common law claims or breach of contract
21  claim for the reasons stated in the order. And I think --
22  so with respect to that, the Court certainly would
23  incorporate all the facts that the Court took into account
24  in the written order with respect to this particular issue.
25  Just to reiterate, it's clear to the Court

Page 4

1  that, first of all, the titled owner of the property
2  initially was the Plaintiff's mother. She has since passed,
3  and so the titled owner of the property is then
4  Ms. Fujisaki's estate.
5  The insured, under the homeowner's policy,
6  and this was discussed at some length in the motions -- in
7  the motions -- in responses to the summary judgment, but the
8  policy has a number of different coverages, which include
9  coverages to the dwelling and also coverages to the other
10  personal property and those kinds of things within the
11  dwelling. But as to the coverage for the dwelling, the
12  Court has previously ruled that the insured, with respect to
13  that, is -- the named insured is Ms. Fujisaki and now the
14  estate.
15  And so that is the -- the estate at this
16  point in time is the legal entity; that it has legal rights
17  with respect to this property.
18  I would take a step back and kind of indicate
19  that I think while this issue has standing and has the
20  ability or the capacity of Ms. Sauter to proceed in this
21  action, this isn't a new issue. This was -- this has been
22  kind of the elephant in the room since this case was
23  filed -- or at least until -- at least to the point of the
24  initial case management conference.
25  Because the Court file reflects that Judge

Page 5

1  Jones, back when he was in this courtroom back in December,
2  addressed this issue and it appears to this Court that the
3  issue as to standing was raised as early as the case
4  management conference. Because Judge Jones enters in his
5  orders basically requiring the Plaintiff to produce the
6  portions of Ms. Fujisaki's will that dealt with this
7  particular property and Judge Jones indicated in his minute
8  order that that was to be disclosed with respect to the
9  issue of standing.
10         So this issue of whether Ms. Sauter is the
11  proper Plaintiff in this matter and has the legal authority
12  to proceed in this matter, I mean, this isn't new. This has
13  been, as I say, the elephant in the room in this case since
14  the first -- for seven or so months now.
15         So with respect -- again going back, the
16  Court addressed in summary judgment, concluded that, at
17  least part of the common law bad faith claim, and also the
18  breach of contract claim, that there was no -- that
19  Ms. Sauter was not a party to the contract, nor was she an
20  intended third-party beneficiary to the contract, and she
21  was not able to proceed on those claims, and I certainly
22  stand by those -- that order.
23         And I will be candid, when I drafted the
24  order, my initial draft was I dismissed -- I was inclined to
25  dismiss the entire case from -- for -- based upon the same

Page 6

1  theory, that although Ms. Sauter is the -- has been a
2  longstanding resident of the premises in question, and
3  although she has been doing all the things that she has been
4  doing with respect to helping her mother in maintaining the
5  property and such, my initial inclination was, based upon
6  the same theory, she wasn't legally entitled to bring this
7  particular action.
8         But -- and no one addressed this in the
9  motions but the Court went back and carefully read at
10  least -- I mean, not as carefully as I should have, but I
11  reread 10-31-115, which is a statutory claim for
12  unreasonable delay or denial of insurance benefits and read
13  the definition of what a first-party claimant includes and
14  concluded that I wasn't -- in reading that definition, I
15  wasn't comfortable, particularly reading the case law that
16  talks about it, that not being a party to the policy or the
17  contract, that doesn't necessarily exclude someone from
18  proceeding under this statutory claim.
19         And so I, essentially, concluded that there
20  may be a factual issue as to whether Ms. Sauter is acting on
21  behalf of the estate or on behalf of the named insured and
22  that's what I ruled.
23         And I guess if that wasn't a lifeline to the
24  Plaintiff, I don't know what is. I mean, I sort of expected
25  a couple of things. I certainly -- well, that's not

Page 7

1  entirely accurate. Let me just continue.
2         So that was -- that was my effort to -- to
3  keep the case alive and the claim alive because the Court
4  certainly is cognizant of the fact that, as much as
5  possible, these disputes should be resolved by a jury, not
6  by a Court. And certainly in the courts in general, and
7  this Court in particular, in terms of my practice, is very
8  reluctant to dismiss a claim prior to a jury being able to
9  resolve it unless there's a -- it's clear that the claim
10  shouldn't proceed.
11         So here again, I'm trying to keep the claim
12  alive, and that's, kind of, where we were.
13         Here again, just being candid here, I became
14  more and more concerned back in the -- as we had the
15  pretrial conference where Mr. Patterson again raised the
16  issue of the fact that Ms. Sauter is proceeding not in a
17  representative capacity but in her own name. And if, in
18  fact, she were to prevail factually in some fashion, what
19  would the judgment look like? And that is certainly
20  something that the Court has been struggling with and
21  thinking about and trying to determine how to keep the claim
22  alive.
23         And, here again, trying to figure out what
24  theories Ms. Sauter can rely on to establish that she's,
25  indeed, a first-party claimant within the meaning of the

Page 8

1  10-31-115, here again, I suggested that maybe circumstantial
2  evidence could establish that.
3         But what it comes down to is this. I think
4  there needs to be at least three things that converge to
5  allow Ms. Sauter to be a proper party in this case. She
6  needs to make -- she needs to meet the definition of a
7  first-party claimant. So in that sense, she needs to be
8  acting on behalf of the named insured, she needs to -- so
9  that's the first thing.
10         She needs to be acting or be able to proceed
11  in a manner that would legally bind the actual named
12  insured, which in this case is the estate, and that's where
13  my initial analysis, I guess, on Monday, I think, falls
14  short because simply showing that she may have been doing
15  things, quote, unquote, on behalf of the homeowner isn't
16  enough. It needs to be able -- she needs to be able to
17  legally bind the party who, indeed, is the owner of this
18  property and that's the estate.
19         And I think, Mr. Patterson, you are correct
20  that if --
21         Well, and the third thing that needs to
22  happen is that she needs to be -- proceed as a party that
23  reflects that. In other words, if she is, indeed -- if she
24  is not the legal owner, she's not the named insured, and if
25  she is, indeed, acting on behalf of, she needs to be

Case 1:21-cv-01816-WJM-SKC  Document 41-2  Filed 07/08/22  USDC Colorado  Page 8 of 8

Patrice Fujisaki Sauter vs.
State Farm Fire and Casualty Company

Transcript of Proceedings - Directed Verdict Ruling
August 01, 2018

Page 9

1  proceeding basically in a representative -- either in a
2  representative capacity, such that any judgment that would
3  be rendered in her favor reflects that it's a judgment on
4  behalf of the estate or there needs to be some evidence that
5  she is entitled, herself, to receive those particular
6  benefits if, in fact, there's a judgment.
7           You know, and the flip side is, if she loses,
8  who is liable for the costs?  If there's costs that the
9  defense is entitled to, is it Ms. Sauter in her individual
10 capacity, or is she, quote, unquote, acting on behalf of the
11 estate and so is the estate liable for the costs?
12          And certainly -- so looking at it in that
13 fashion, what the evidence is lacking here is any -- well,
14 it's lacking in two -- well, I guess the evidence is lacking
15 in the sense that there's no evidence before the jury that
16 Ms. Sauter has the legal authority to take actions that are
17 binding upon the estate, and I think that's essential.
18          And certainly the way this case is postured,
19 I mean, there's been -- there's been alleging out there but
20 there's been no attempt to modify her status in terms of how
21 she is proceeding here, there's been no attempt to amend the
22 complaint to try and establish that she's acting in some
23 representative capacity.  And this -- like I said, it's an
24 elephant in the room that has been around for a long time.
25          I think this is a case where had proper

Page 10

1  actions been taken in a timely fashion, in other words, had
2  there been some effort to amend the complaint, to reflect
3  that she's, indeed, acting as a person legally entitled to
4  act on behalf of the named insured, and if there had been
5  some timely evidence presented with respect to her legal
6  capacity, she certainly would have been able to proceed in
7  this matter.  But she didn't.
8           There's been some talk just now and there was
9  talk on Monday about this, quote, unquote, power of
10 attorney.  And the Court did not allow that evidence to come
11 before the jury and I believe for a very good reason and the
12 reason is fundamental fairness.  Here, again, this elephant
13 has been in the room since the case management conference at
14 least.
15          To the extent that the Plaintiff was either
16 able to obtain the permission or the consent or the
17 authority, she had ample time to do so.  Plaintiff's counsel
18 had ample time to do so, to get that authority, to get that
19 proof, to either submit it in a timely fashion and/or amend
20 the complaint.
21          But to do so, I mean, well after this issue
22 has been raised at the case management conference, well
23 after the issue has been raised by way of a very clear
24 Motion For Summary Judgment, well after the Court's decision
25 with respect to that, which basically threw the lifeline and

Page 11

1  said, here is a theory upon which you can proceed, to then
2  show up on the day of trial and say, oh, here it is, and to
3  basically disclose it to the other side what appears to the
4  Court to have been maybe a day before trial, clearly
5  deprives the defense -- and I ruled upon this earlier.  I
6  mean, the defense is entitled to challenge and explore and
7  determine the validity of the stuff.  Certainly deprives the
8  defense of the chance to litigate that particular issue of
9  her authority.
10          So here again, I stand by my decision not to
11 allow that to come before the jury and to be considered
12 because of fundamental fairness to both sides.
13          There's a failure of proof in this matter
14 with respect to Ms. Sauter's legal authority to bind the
15 owner of this property.  As such, she doesn't fall within
16 the definition of a first-party claimant and, because of
17 that, she's not entitled to assert a claim in her own
18 individual capacity under 10-31-115.
19          For those reasons, the Motion For Directed
20 Verdict in favor of defense is granted.
21          (End of requested portion.)

Page 12

1                CERTIFICATE OF COURT REPORTER
2
3       I, DEANNA BAYSINGER, a Registered Professional
4  Reporter and Notary Public within and for the State of
5  Colorado; that the said trial was taken in stenotype by me
6  at the time and place aforesaid and was thereafter reduced
7  to typewritten form by me; and that the foregoing is a true
8  and correct transcript of my stenotype notes thereof.
9          That I am not an attorney nor counsel nor in
10 any way connected with any attorney or counsel for any of
11 the parties to said action nor otherwise interested in the
12 outcome of this action.
13          My commission expires:  November 8, 2022.
14
15          _____
16          DEANNA BAYSINGER
            Registered Professional Reporter
17          Notary Public, State of Colorado