IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| RTP ROOFING CO., <br><br> Plaintiff, <br><br> v. <br><br> STATE FARM FIRE AND CASUALTY COMPANY, <br><br> Defendant. | Case No. 1:21-cv-01816-WJM-SKC <br><br> Hon. William J. Martinez |

### DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S NOTICE OF SUPPLEMENTAL AUTHORITY RELEVANT TO ITS PENDING MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Pursuant to D.C.COLO.LCivR. 7.1(f), Defendant State Farm Fire and Casualty Company ("State Farm") respectfully provides notice to the Court of supplemental authority relevant to State Farm's pending Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Rules 12(b)(1) and 12(b)(6). Dkt. 41 (the "Motion to Dismiss"). Attached hereto as Exhibit A is the recent Recommendation from Magistrate Judge Kristen L. Mix in *RTP Roofing Co. v. Travelers Companies, Inc.*, No. 21-cv-01747-CMA-KLM (D. Colo. July 22, 2022), ECF No. 52, recommending that the complaint in that case be dismissed pursuant to Rule 12(b)(1) and 12(b)(6). As this Court previously noted, State Farm has cited to the complaint in *Travelers* as evidence that Plaintiff RTP Roofing Co. ("RTP") has levied nearly identical allegations against another insurance carrier in Colorado. Dkt. 39 at 4 n.2 (citing State Farm's motion to dismiss); *see also* Dkt 41 at 14 n.14.

In *Travelers*, Magistrate Judge Mix recommended that RTP's claims against Travelers Companies, Inc. ("Travelers") for statutory bad faith under Colo. Rev. Stat. §§10-3-1115–16 be dismissed for lack of Article III standing and lack of statutory standing. Ex. A at 1. With respect

-1-

to Article III standing, Magistrate Judge Mix determined that RTP lacked standing to seek monetary damages because "the available evidence indicate[d] that Defendant paid [RTP] for all estimated costs on the relevant claims." *Id.* at 9. State Farm made that same argument in its Motion to Dismiss in this case. *See* Dkt. 41 at 3-7. Additionally, Magistrate Judge Mix observed in *Travelers* that RTP lacked standing to seek injunctive relief because the evidence showed that RTP charged its "customers for tear-off work using the demolition rate," and "offer[ed] no evidence to demonstrate it will suffer future losses." Ex. A at 10. Again, State Farm made the same argument in this case. *See* Dkt. 41 at 7-8.

With respect to statutory standing, Magistrate Judge Mix also noted in *Travelers* that RTP had failed to state a claim under Rule 12(b)(6) because it did not plausibly allege that it was "acting 'on behalf of any insured,'" as required under the bad-faith statute. Ex. A at 13. In particular, Magistrate Judge Mix noted that RTP did not allege the existence of "a contractual relationship between [it] and the insureds that granted [RTP] authority to act on their behalf" or that RTP otherwise was acting as a representative of the insureds. *Id.* at 13-14. *Id.* State Farm has pointed out the exact same deficiencies in RTP's Second Amended Complaint in this case. *See* Dkt. 41 at 9-11.

Based on the near identity of allegations and legal theories in *Travelers* as compared to this case, State Farm respectfully submits that Magistrate Judge Mix's Recommendation is persuasive authority that should be considered when the Court evaluates State Farm's Motion to Dismiss.

Dated: July 25, 2022               Respectfully submitted,

                                    /s/ *Jacob L. Kahn*

                                   Franklin D. Patterson
                                   Hillary D. Patterson
                                   Patterson Ripplinger, P.C.
                                   5613 DTC Parkway, Suite 400

-3-

        Greenwood Village, CO 80111
        fpatterson@prpclegal.com
        hpatterson@prpclegal.com
        (303) 741-4539

        Joseph A. Cancila
        Jacob L. Kahn
        Riley Safer Holmes & Cancila LLP
        70 West Madison Street, Suite 2900
        Chicago, IL 60602
        jcancila@rshc-law.com
        jkahn@rshc-law.com
        (312) 471-8700

        *Counsel for Defendant State Farm Fire and Casualty Company*