IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| RTP ROOFING CO., <br><br>     Plaintiff, <br><br> v. <br><br> STATE FARM FIRE AND CASUALTY COMPANY, <br><br>     Defendant. | Case No. 1:21-cv-01816-CNS-SKC <br><br> Hon. Charlotte N. Sweeney <br><br> Hon. S. Kato Crews |

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S NOTICE OF SUPPLEMENTAL AUTHORITY RELEVANT TO ITS PENDING MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Pursuant to D.C.COLO.LCivR. 7.1(f), Defendant State Farm Fire and Casualty Company respectfully provides notice to the Court of supplemental authority relevant to State Farm's pending Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Rules 12(b)(1) and 12(b)(6). Dkt. 41 (the "Motion to Dismiss"). Attached as Exhibit A is the order issued by Chief Judge Philip A. Brimmer in *Advanced Exteriors, Inc., v. Allstate Vehicle & Property Insurance Company ("Allstate")*, No. 21-cv-01539-PAB-STV (D. Colo. Aug. 22, 2022), ECF No. 54, dismissing the complaint in that case with prejudice under Rules 12(b)(1) and 12(b)(6). State Farm has cited to *Allstate* as one of several nearly identical lawsuits filed by RTP's counsel in this district on behalf of roofing contractors. Dkt. 39 at 4 n.2; *see also* Dkt 41 at 14 n.14.

In *Allstate*, Judge Brimmer dismissed the plaintiff roofing contractor's claim for statutory bad faith under Colo. Rev. Stat. §§10-3-1115–16, with prejudice, under Rule 12(b)(1) after finding that the contractor lacked prudential standing to sue on behalf of its customers (Allstate's insureds) under the bad-faith statute. Ex. A at 9, 12. In particular, Judge Brimmer determined that the contractor "ha[d] not shown that it is a first-party claimant under the statute" solely by virtue of its

-1-

role as a roofing contractor on insurance claims. *Id*. at 9. Judge Brimmer noted that, unlike in *Kyle W. Larson Enters., Inc. v. Allstate Ins. Co.*, 305 P.3d 409 (Colo. App. 2012), and cases applying that decision, the contractor in *Allstate* did not allege that its customers "were relieved of any obligation to assert claims on their own behalf." *Id.* at 8. In fact, Judge Brimmer specifically distinguished the two principal cases on which RTP relied in its briefing in this case: *High Impact, LLC v. State Farm Fire & Cas. Co.*, No. 19-cv-01561-NYW, 2020 WL 3104941 (D. Colo. June 11, 2020) and *Sable Cove Condo. Ass'n v. Owners Ins. Co.*, No. 14-cv-00912-MJW, 2014 WL 4398668 (D. Colo. Sept. 5, 2014). *Compare* Ex. A at 8 *with* Dkt. 43 at 12-13. Judge Brimmer's analysis tracks State Farm's arguments for dismissal here. *See* Dkt. 41 at 9-11; Dkt. 45 at 7-9.[1]

In addition, Judge Brimmer dismissed the contractor's unjust enrichment claim in *Allstate* because the contractor failed to plausibly allege that it conferred any benefit upon the insurer. Ex. A at 9-10. Judge Brimmer noted that the contractor did "not allege, for instance, that it quoted defendant tear-off work at the roofing rate, performed tear-off work at the roofing rate, and yet defendant paid only the demolition rate." *Id*. at 10. State Farm made the same argument in its Motion to Dismiss in this case. *See* Dkt. 41 at 14-15 & n.15.

Finally, Judge Brimmer rejected the contractor's attempt to plead its request for injunctive relief as a separate count in the complaint, holding that "a request for injunctive relief is not a standalone claim." Ex. A at 3 n.3. Again, State Farm made the same argument here. Dkt. 41 at 14.

Based on the nearly identical nature of allegations, cited authorities, and legal theories in *Allstate* as compared to this case, State Farm respectfully submits that Judge Brimmer's decision is persuasive authority that should be considered when evaluating State Farm's Motion to Dismiss.

---

[1] Although State Farm framed its "first-party claimant" arguments under Rule 12(b)(6) rather than under Rule 12(b)(1), the analysis is otherwise identical. After three attempts, RTP has failed to show that it is a "first-party claimant" entitled to sue under Colorado's bad-faith statute.

Dated: August 23, 2022                    Respectfully submitted,

  /s/ *Jacob L. Kahn*

Franklin D. Patterson
Hillary D. Patterson
Patterson Ripplinger, P.C.
5613 DTC Parkway, Suite 400
Greenwood Village, CO 80111
fpatterson@prpclegal.com
hpatterson@prpclegal.com
(303) 741-4539

Joseph A. Cancila
Jacob L. Kahn
Riley Safer Holmes & Cancila LLP
70 West Madison Street, Suite 2900
Chicago, IL 60602
jcancila@rshc-law.com
jkahn@rshc-law.com
(312) 471-8700

*Counsel for Defendant State Farm Fire and Casualty Company*