IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| RTP ROOFING CO.,<br><br>        Plaintiff,<br><br>   v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>        Defendant. | Case No. 1:21-cv-01816-CNS-SKC<br><br>Hon. Charlotte N. Sweeney<br><br>Hon. S. Kato Crews |

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S NOTICE OF SUPPLEMENTAL AUTHORITY RELEVANT TO ITS PENDING MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Pursuant to D.C.COLO.LCivR. 7.1(f), State Farm Fire and Casualty Company respectfully provides notice to the Court of supplemental authority relevant to State Farm's pending Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Rules 12(b)(1) and 12(b)(6). Dkt. 41 (the "Motion to Dismiss"). Attached as Exhibits A and B, respectively, are dismissal orders issued by Judge William J. Martinez in *Advanced Exteriors, Inc., v. Liberty Mutual Group, Inc., et al. ("Liberty Mutual")*, No. 21-cv-1814-WJM-MDB (D. Colo. Aug. 29, 2022), ECF No. 62, and *Advanced Exteriors, Inc., v. United Services Automobile Association, et al. ("USAA")*, No. 21-cv-01817-WJM-MDB (D. Colo. Aug. 29, 2022), ECF No. 74. State Farm previously cited to the complaints in *Liberty Mutual* and *USAA* as two of several nearly identical lawsuits filed by RTP's counsel on behalf of roofing contractors. *See* Dkt. 39 at 4 n.2; Dkt 41 at 14 n.14.

In *Liberty Mutual* and *USAA*, Judge Martinez dismissed the plaintiff roofing contractor's claims under Rule 12(b)(1) for lack of Article III standing. Ex. A at 12; Ex. B at 14. Judge Martinez held that the contractor failed to demonstrate that it had suffered a concrete injury in fact. Instead, the record established that the contractor "was paid the amount actually spent and charged to its

-1-

customers for its services," and there was no "evidence that either its costs to perform removal work or the amount charged to its customers exceeded its own estimates." Ex. A at 9; Ex. B at 9. Moreover, Judge Martinez specifically rejected the contractor's argument that it had satisfied Article III's standing requirement merely by framing its alleged injury as a "loss of revenue." Judge Martinez held that there were "no material differences" between the claims in *Liberty Mutual* and *USAA* and the "string of hypotheticals" that RTP had presented in this case: the claims involve "the same hypothetical scenario," *not* an injury in fact. Ex. A at 10; Ex. B at 10. State Farm has made the same arguments in its Motion to Dismiss. *See* Dkt. 41 at 3-7; Dkt. 45 at 2-6.

Finally, Judge Martinez held that the roofing contractor in *Liberty Mutual* and *USAA* lacked standing to seek injunctive relief because it did not allege "that it charges customers for roof tear-off work—or intends to charge them in the future—based on the skilled-labor rate it claims is appropriate. Nor does it allege ever having done so." Ex. A at 11; Ex. B at 11. Judge Martinez thus concluded that any "alleged future damages are merely hypothetical." Ex. A at 11; Ex. B at 11. Judge Martinez reached the same conclusion previously in this case, Dkt. 39 at 9, and State Farm has made the same argument in its Motion to Dismiss, *see* Dkt. 41 at 7-8; Dkt. 45 at 6-7.

Based on the nearly identical nature of allegations and legal theories in *Liberty Mutual* and *USAA* as compared to this case, State Farm respectfully submits that Judge Martinez's decisions are persuasive authority that should be considered in evaluating State Farm's Motion to Dismiss.[1]

---

[1] Although Judge Martinez granted the plaintiff in *Liberty Mutual* and *USAA* leave to amend, RTP has already been given that opportunity in this case (Dkt. 39 at 12) and has failed to correct the deficiencies. As Judge Arguello found under similar circumstances, it would be "futile" to grant RTP further leave to amend "because the allegations of the underlying dispute and related evidence do not support any indication of concrete injury." *RTP Roofing Co v. Travelers Companies, Inc.*, No. 21-CV-01747-CMA-KLM, 2022 WL 3655344, at *6 (D. Colo. Aug. 25, 2022) (recognizing that "[c]ases are not to be litigated piecemeal" and that courts "should not have to address repeated 'improvements' to the complaint" (citation omitted)) (submitted by State Farm at Dkt. 47-1).

Dated: September 1, 2022

Respectfully submitted,

 /s/ *Jacob L. Kahn*

Franklin D. Patterson
Hillary D. Patterson
Patterson Ripplinger, P.C.
5613 DTC Parkway, Suite 400
Greenwood Village, CO 80111
fpatterson@prpclegal.com
hpatterson@prpclegal.com
(303) 741-4539

Joseph A. Cancila
Jacob L. Kahn
Riley Safer Holmes & Cancila LLP
70 West Madison Street, Suite 2900
Chicago, IL 60602
jcancila@rshc-law.com
jkahn@rshc-law.com
(312) 471-8700

*Counsel for Defendant State Farm Fire and Casualty Company*